

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff,*

v.

CARRILLO HUETTEL LLP,
LUIS J. CARRILLO, WADE D. HUETTEL,
GIBRALTAR GLOBAL SECURITIES,
WARREN DAVIS, JOHN B. KIRK,
BENJAMIN T. KIRK, DYLAN L. BOYLE,
JAMES K. HINTON JR., LUNIEL DE BEER,
JOEL P. FRANKLIN, PACIFIC BLUE ENERGY
CORPORATION, TRADESHOW MARKETING
COMPANY LTD, AND DR. LUIS CARRILLO,

*Defendants,*

- AND -

DR. LUIS CARRILLO,

*Relief Defendant.*

---

13 Civ. _1755_ (*GBD*)
ECF CASE

---

## FINAL JUDGMENT AS TO DEFENDANT JOEL P. FRANKLIN

The Securities and Exchange Commission having filed a Complaint and Defendant Joel
P. Franklin having entered a general appearance; consented to the Court's jurisdiction over
Defendant and the subject matter of this action; consented to entry of this Final Judgment
without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived
findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

2

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act

[15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus

or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is barred, for five years following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

4

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, based on

Defendant's sworn representations in his Statement of Financial Condition dated September 27,

2012, and other documents and information submitted to the Commission, however, the Court is

not ordering Defendant to pay a civil penalty. The determination not to impose a civil penalty is

contingent upon the accuracy and completeness of Defendant's Statement of Financial

Condition. If at any time following the entry of this Final Judgment the Commission obtains

information indicating that Defendant's representations to the Commission concerning his assets,

income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any

material respect as of the time such representations were made, the Commission may, at its sole

discretion and without prior notice to Defendant, petition the Court for an order requiring

Defendant to pay the maximum civil penalty allowable under the law. In connection with any

such petition, the only issue shall be whether the financial information provided by Defendant

was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such

representations were made. In its petition, the Commission may move this Court to consider all

available remedies, including, but not limited to, ordering Defendant to pay funds or assets,

directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The

Commission may also request additional discovery. Defendant may not, by way of defense to

such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the

allegations in the Complaint filed by the Commission; (3) assert that payment of a civil penalty

should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under

the law; or (5) assert any defense to liability or remedy, including, but not limited to, any statute

of limitations defense. Defendant shall also pay post-judgment interest on any delinquent

5

amounts pursuant to 28 U.S.C. § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is
incorporated herein with the same force and effect as if fully set forth herein, and that Defendant
shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil
Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

George B. Daniel

UNITED STATES DISTRICT JUDGE

MAR 25 2013

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** _____

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff,*

v.

CARRILLO HUETTEL LLP,
LUIS J. CARRILLO, WADE D. HUETTEL,
GIBRALTAR GLOBAL SECURITIES,
WARREN DAVIS, JOHN B. KIRK,
BENJAMIN T. KIRK, DYLAN L. BOYLE,
JAMES K. HINTON JR., LUNIEL DE BEER,
JOEL P. FRANKLIN, PACIFIC BLUE ENERGY
CORPORATION, TRADESHOW MARKETING
COMPANY LTD, AND DR. LUIS CARRILLO,

*Defendants,*

- AND -

DR. LUIS CARRILLO,

*Relief Defendant.*

13 Civ. _____ (   )

13 CV 1795

## CONSENT OF DEFENDANT JOEL P. FRANKLIN

1.     Defendant Joel P. Franklin ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1

(a)     permanently restrains and enjoins Defendant from violation of Section
10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15
U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];
Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §
77q(a)], and Section 5 of the Securities Act [15 U.S.C. §§ 77e];

(b)     orders that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. §
78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]],
Defendant is prohibited for a five-year period from acting as an officer or
director of any issuer that has a class of securities registered pursuant to
Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file
reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §
78o(d)]; and

(c)     orders that Defendant is barred for a five-year period from participating in
an offering of penny stock, including engaging in activities with a broker,
dealer, or issuer for purposes of issuing, trading, or inducing or attempting
to induce the purchase or sale of any penny stock. A penny stock is any
equity security that has a price of less than five dollars, except as provided
in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

3.      Defendant acknowledges that the Court is not imposing a civil penalty based on
Defendant's sworn representations in Defendant's Statement of Financial Condition dated
September 27, 2012, and other documents and information submitted to the Commission.
Defendant further consents that if at any time following the entry of the Final Judgment the
Commission obtains information indicating that Defendant's representations to the Commission

2

concerning Defendant's assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

3

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a

4

member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes,

5

Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

6

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12-4-12

Joel P. Franklin

On 12-4, 2012, Joel P Franklin a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

DERIK J. MUNDT
Commission # 1996768
Notary Public - California
San Diego County
My Comm. Expires Nov 1, 2016

Notary Public
Commission expires: Nov-1-2016

Approved as to form:

John Colton
Gartenberg, Gelfand, Hayton & Selden LLP
801 South Figueroa Street, Suite 2170
Los Angeles, CA 90017
(213) 542-2136
Attorney for Defendant