UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

          *Plaintiff*,

    v.

CARRILLO HUETTEL LLP,
LUIS J. CARRILLO, WADE D. HUETTEL,
GIBRALTAR GLOBAL SECURITIES,
WARREN DAVIS, JOHN B. KIRK,
BENJAMIN T. KIRK, DYLAN L. BOYLE,
JAMES K. HINTON JR., LUNIEL DE BEER,
JOEL P. FRANKLIN, PACIFIC BLUE ENERGY
CORPORATION, TRADESHOW MARKETING
COMPANY LTD, AND DR. LUIS CARRILLO,

          *Defendants*,

   - AND -

DR. LUIS CARRILLO,

          *Relief Defendant.*

1:13-cv-01735 (GBD)
ECF CASE

---

**DECLARATION OF JOSHUA M. NEWVILLE IN SUPPORT OF
MOTION TO SERVE CERTAIN DEFENDANTS BY ALTERNATIVE MEANS**

    I, Joshua M. Newville, pursuant to 28 U.S.C. 1746, declare as follows:

    1.    I am an attorney in the Enforcement Division of the New York Regional Office of the Securities and Exchange Commission. I make this declaration in support of the Commission's Motion to Serve Certain Defendants by Alternative Means.

    2.    Defendant B. Kirk is a Canadian citizen and was formerly a resident of Calgary, Alberta. Based on information received from the Alberta Securities Commission ("ASC") and

the British Columbia Securities Commission, the Commission believes that B. Kirk likely fled Canada in 2011.  His current whereabouts are unknown to the Commission

3.	On August 11, 2011, the ASC charged Ben Kirk with quasi-criminal violations for his role in the pump-and-dump scheme at issue in this litigation.  I have been informed by representatives of the ASC that since at least mid-2012, B. Kirk has been represented for purposes of the ASC litigation by Don W. MacLeod, Q.C., of O'Brien Devlin MacLeod in Calgary, Alberta.  On August 24, 2012, the Commission sent B. Kirk a Wells notice through Mr. MacLeod, a copy of which is attached as **Ex. 1**.  Also on August 24, 2012, Commission staff advised Mr. MacLeod by phone of the Wells notice and recommended charges and asked him to relay the information to his client.  MacLeod informed the staff that he only represented B. Kirk in matters pending in Alberta, but that if B. Kirk authorized him to respond (or if he retained US counsel) he would advise the staff within ten days.  B. Kirk did not make a Wells submission.

4.	Defendant Boyle is a Canadian citizen and is believed to be a resident of Alberta, Canada.  The ASC charged Boyle with quasi-criminal violations on August 11, 2011 for his role in the pump-and-dump scheme at issue in this litigation.  His current address is unknown to the Commission.  Representatives of the ASC informed Commission staff that since at least August 2012, Boyle has been represented by John Blair, Q.C., of Borden Ladner Gervais in Calgary, Alberta for purposes of the ASC litigation.  On August 29, 2012, the Commission sent Boyle a Wells notice through Mr. Blair, a copy of which is attached as **Ex. 2**.  On August 29, 2012, the staff advised Mr. Blair by phone of the Wells notice and recommended charges and asked him to relay the information to his client.  An August 31, 2012, email from Blair to the staff is attached as **Ex. 3**.  A September 13, 2012, email from Blair to the staff is attached as **Ex. 4**.

5.  The Commission commenced this action on March 15, 2013. The Commission publicized the lawsuit by publicly posting a press release and a copy of the complaint on its website, www.sec.gov. The press release can be found at http://www.sec.gov/news/press/2013/2013-39.htm and the complaint can be found at http://www.sec.gov/litigation/complaints/2013/comp-pr2013-39.pdf. The lawsuit was reported in the press on multiple occasions, including on Bloomberg, Businessweek.com and the San Diego Reader on 3/15/13, again on Bloomberg, Stockwatch (Canada), the Courthouse News Service and the Bahamas Tribune on 3/18/13, the Caribbean News Agency (CANA) on 3/22/13, Seattle Times on 3/24/12, Postmedia News (Canada) on 3/25/13 and Vancouver Province on 3/26/13. Copies of these articles are attached as **Ex. 5**.

6.  On March 18-19, 2013, Commission staff sent copies of the complaint, along with notices of the lawsuit and requests to waive personal service of the summons, addressed to Carrillo, B. Kirk and Boyle, by UPS and email to their attorneys. Copies of the waiver requests are attached as **Ex. 6** hereto. Although the packages were delivered to the defendants' attorneys, none of the waivers were returned executed.

7.  On or about March 19, 2013, B. Kirk's counsel Don MacLeod informed Commission staff by phone that he was not authorized to accept service on behalf of his client. On or around April 25, 2013, B. Kirk's counsel again informed the Commission by phone that he was not authorized to accept service on behalf of B. Kirk. A copy of a letter and attestation of attempted Hague service from the Alberta Ministry of Justice and Solicitor General is attached as **Ex. 7** hereto. A copy of June 12, 2013 emails between Commission staff and MacLeod is attached as **Ex. 8** hereto.

8.  On June 12, 2013, Commission staff spoke with Steven D. Feldman of Herrick Feinstein in New York, who confirmed he was representing B. Kirk for the limited purpose of determining jurisdictional issues in the U.S.  Mr. Feldman said he was not authorized to accept service on behalf of his client B. Kirk.

9.  A copy of a March 18, 2013 email from Boyle's counsel John Blair to the staff is attached as **Ex. 9** hereto.  A copy of an April 25, 2013 email from Blair to the staff is attached as **Ex. 10** hereto.  A copy of a letter and attestation of attempted Hague service from the Alberta Ministry of Justice and Solicitor General is attached as **Ex. 11** hereto.  A copy of a June 12, 2013 email from Commission staff to Blair is attached as **Ex. 12** hereto.

10.  Because the press and other internet sources extensively publicized the filing of the complaint in this matter, under the circumstances, Commission staff believes that B. Kirk and Boyle are well aware of this lawsuit.  Google searches for "Ben Kirk Dylan Boyle" "Ben Kirk Skymark" and "Dylan Boyle Skymark" are attached as **Ex. 13** hereto.  These searches yielded multiple references to this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   New York, New York
            June 17, 2013

                                By: _____
                                    Joshua M. Newville

4