UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                   Plaintiff,          :
                                       : Case No. 13-CV-1735 (BGD)
        -against-                      :
                                       :
CARRILLO HUETTEL LLP, LUIS J. CARRILLO, : **DECLARATION OF**
WADE D. HUETTEL, GIBRALTAR GLOBAL      : **STEVEN D. FELDMAN**
SECURITIES, WARREN DAVIS, JOHN B. KIRK, :
BENJAMIN T. KIRK, DYLAN L. BOYLE, JAMES :
K. HINTON JR., LUNIEL DE BEER, JOEL P.  :
FRANKLIN, PACIFIC BLUE ENERGY          :
CORPORATION, TRADESHOW MARKETING       :
COMPANY LTD, and DR. LUIS CARRILLO     :
                                       :
                   Defendants.         :
                                       :
        -and-                          :
                                       :
DR. LUIS CARRILLO,                     :
                                       :
                   Relief Defendant.   :
---------------------------------------- x

STEVEN D. FELDMAN hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1.  I am a partner with the law firm of Herrick, Feinstein LLP, counsel for defendant Benjamin T. Kirk ("Ben Kirk") in connection with the above-captioned action and, as such, I am familiar with the facts stated herein.

2.  I submit this declaration in support of Ben Kirk's motion to dismiss the Complaint filed by the Securities and Exchange Commission ("Commission" or "Plaintiff"), dated March 15, 2013 (the "Complaint"), pursuant to Rules 12(b)(5), 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

3.      On March 15, 2013, the Commission filed the Complaint in the Southern District of New York.

4.      On June 17, 2013, the Commission moved for an order directing service on Ben Kirk by alternative means pursuant to Fed. R. Civ. P. 4(f)(3) claiming that it "attempted to locate [Ben Kirk] and serve [him] by traditional means under Fed. R. Civ. P. 4(f)(1) and (2), but those efforts have been unsuccessful." (Dck. # 41 at 1.)

5.      Alleging that Ben Kirk was "*formerly* a resident of Calgary, Alberta" and that the "Commission believes that B[en] Kirk likely *fled Canada* in 2011," the Commission asserted that it attempted to serve him at his last known address *in Canada* via international Fed Ex and under the Hague Convention. (Dck. # 41 at 2, 9) (emphasis added).

6.      Contrary to controlling case law, the Commission's motion did not demonstrate that Ben Kirk had recently been in contact with his lawyers or that the emails it proposed to serve were valid. The Commission did not indicate whether any of the email addresses were currently active, how the Commission obtained those email addresses, or why the Commission believed Ben Kirk would receive materials sent to any of those email addresses.

6.      Yet, on July 12, 2013, the Court granted the Commission's motion to serve by alternative means and ordered the Commission to (1) serve the Summons and Complaint by UPS upon Ben Kirk's attorneys and (2) send a copy of the Summons and Complaint to all of his known email addresses.

7.      That same day, the Commission served a copy of the Summons and Complaint upon me, as Ben Kirk's United States counsel.

...
...

9. The Complaint alleges that Ben Kirk and several of the other defendants promoted the stock of Tradeshow Marketing Company ("Tradeshow") and Pacific Blue Energy Corporation ("Pacific Blue") through two "boiler-rooms" operating under the names Skymark Media Group Ltd. ("Skymark") and Emerging Stock Report ("ESR").

10. According to the Commission, several of the defendants, including Ben Kirk, artificially drove up the share price of Tradeshow and Pacific Blue by increasing the market demand, and then profited by "dumping" their shares into the inflated market.

11. In connection with these alleged actions, the Complaint asserts claims against Ben Kirk for violation of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 thereunder, as well as Section 20(a) of the Exchange Act.

12. Setting aside the procedural deficiencies pertaining to service, each of the claims against Ben Kirk suffers from fatal defects requiring dismissal on substantive grounds.

13. With respect to the First and Second Claims for securities fraud, the Complaint falls short of pleading with the required specificity pursuant to Federal Rule of Civil Procedure 9(b).

14. In particular, the Complaint contains undefined terms and frequently "clumps" Ben Kirk with other defendants without distinguishing his purported actions from those of the other defendants.

15. The First and Second Claims should also be dismissed for the additional reason that they fail to adequately allege scienter with respect to Ben Kirk.

16. Likewise, although the Seventh Claim asserts a claim for control person liability, the Commission failed to offer facts establishing that Ben Kirk had the ability to direct the management and policies of Skymark.

17. Additionally, while the Complaint makes passing references to Ben Kirk selling shares, it is devoid of any details concerning these purported transactions, and once again, improperly "clumps" Ben Kirk with other defendants. Thus, the Eleventh and Twelfth Claims for the sale of unregistered securities should be dismissed.

18. Based on the foregoing, it is respectfully requested that the Court dismiss the First, Second, Seventh, Eleventh and Twelfth Claims as against Ben Kirk.

Dated:   New York, New York
         September 6, 2013

                                            __/s/ Steven D. Feldman_____
                                            STEVEN D. FELDMAN