## UNITED STATES OF AMERICA
### Before the
### SECURITIES AND EXCHANGE COMMISSION

In the Matter of

    **Skymark Research (ASC),**

**NY-8377**

**DECLARATION OF**
**Wade D. Huettel**

Wade D. Huettel, pursuant to 28 USC §1746 declares as follows:

1.    I was served with a subpoena <u>ad</u> <u>testificandum</u> dated January 4, 2012, in the above-captioned matter (the "Subpoena"), a copy of which is attached hereto as Exhibit A.

2.    The Subpoena called for me to appear for sworn testimony at the Commission's New York Regional Office ("NYRO") on January 27, 2012 at 9:30 a.m. ("January 27 Testimony").

3.    I have read the formal order directing private investigation, as amended, a copy of which is attached hereto as Exhibit B.

4.    I have received from the staff of the Commission and reviewed a notice entitled "Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena," a copy of which is attached hereto as Exhibit C, and I have reviewed the information set forth therein.

5.    I have read the background questionnaire, attached hereto as Exhibit D. On the advice of my lawyer, I respectfully decline to answer all questions (with the exception of my name) contained therein on the basis of the Fifth Amendment to the United States Constitution

which – according to the Supreme Court of the United States – protects everyone, including innocent people.

6.      On the advice of my lawyer, I respectfully decline to testify in response to the Subpoena on the basis of the Fifth Amendment privilege as noted above.  If I were called to testify in this investigation, I would invoke my Fifth Amendment privilege as noted above in response to all questions posed concerning any matters discussed in the formal order and any and all questions concerning the following individuals and entities:

6. (1)   Pacific Blue Energy Corp. ("PBEC")
6. (2)   Tradeshow Marketing Company, Inc. ("TSHO")
6. (3)   Luis J. Carrillo, Esq.
6. (4)   Luke Zouvas
6. (5)   Carrillo Huettel LLP
6. (6)   Skymark Research (a/k/a Skymark Media Group Ltd.)
6. (7)   Emerging Stock Report
6. (8)   Momentum Consultants
6. (9)   Liberty Analytics
6. (10) Kita-Kaine Investment Holdings Company, Ltd.
6. (11) Excel Relations
6. (12) BuySide Group
6. (13) John Kirk
6. (14) Benjamin Kirk
6. (15) Dylan Boyle
6. (16) James Hinton
6. (17) Joshua Anderson
6. (18) Kevin Mix
6. (19) Joshua Kostynuik
6. (20) Bruce Kirk
6. (21) Jay Lee
6. (22) BridgeWater Equity
6. (23) Mark Iacono
6. (24) Verdmont Capital S.A.
6. (25) Gibraltar Global Securities
6. (26) Warren Davis
6. (27) Scottsdale Capital Advisors
6. (28) Joseph Padilla
6. (29) Andrea (Bruno) Ritchie

6. (30) Global Securities Corp.
6. (31) DGM Bank and Trust
6. (32) Grand Palm Ltd.
6. (33) Don Scholar
6. (34) Belkis Reyes
6. (35) Dr. Luis Carrillo
6. (36) Joel Franklin
6. (37) Luniel de Beer
6. (38) De Beer Consulting
6. (39) George "Mitch" Buckingham
6. (40) George Sagredos
6. (41) Carey Whitehead
6. (42) Cheryl Bame
6. (43) Matt Kreps
6. (44) Howard N. Stillman
6. (45) Harry Russell
6. (46) Northlake Equities Ltd.
6. (47) Medford Financial Ltd.
6. (48) Strand Group Ltd.
6. (49) Seacrest Ventures Ltd.
6. (50) Bluewater Financial Ltd.
6. (51) Dartmore International Inc.
6. (52) Strotas Group Corp.
6. (53) Irish Delta Inc.
6. (54) Baltic Investment Ltd.
6. (55) Mazi International Corp.
6. (56) Nelevi, S.A.
6. (57) Brant Investments Ltd.
6. (58) True North Consulting Ltd.
6. (59) Veritas Holdings Ltd.
6. (60) Capstar Management Ltd.
6. (61) Stonehurst Ltd.
6. (62) Terra Equity LLC
6. (63) Tustin Properties Corp.
6. (64) Worthlake Equities Ltd.
6. (65) Q Capital LLC
6. (66) Bedford International LLC
6. (67) Permatrust LLC.

7.     If I were called to testify in this investigation, I would invoke my Fifth Amendment privilege as noted above in response to all questions concerning the following subject matters:

a)     Any and/or all "doing business as," "dba" or "assumed names" of any of the individuals and entities listed in item 6 above.

b)     Any and/or all communications between me and any of the individuals and entities listed in item 6 above.

c)     Any and/or all transfers of funds to or from any of the individuals and entities listed in item 6 above.

d)     Any and/or all transfers of PBEC or TSHO securities to or from any of the individuals and entities listed in item 6 above.

e)     Anything of value provided to me or received by me from any and/or all of the individuals or entities listed in item 6 above.

f)     Anything of value provided by me to any and/or all of the individuals or entities listed in item 6 above.

g)     Any and/or all services that I provided to any of the individuals or entities listed in item 6 above.

h)     Any and/or all communications between me and any transfer agent or its employees concerning TSHO and/or PBEC.

i)     Any and/or all efforts to promote, market, publicize or otherwise create awareness of TSHO and/or PBEC.

j)      Any and/or all opinion letters, meaning letters issued by an attorney concerning: (i) the registration of shares of any issuer; (ii) an exemption from federal or state registration of such shares; (iii) the unrestricted or "free trading" status of such shares; (iv) the issuance of such shares without restrictive legend; and/or (v) whether any issuer has made adequate current information publicly available within the meaning of Rule 144(c)(2) of the Securities Act of 1933.

k)      Any and/or all documents or information upon which I may have relied, if any, in preparing any and/or all opinion letters identified in item 7(j) above.

l)      Any and/or all representation letters provided by or on behalf of TSHO or PBEC in connection with the issuance, deposit, offer, purchase, sale or transfer of shares.

m)      Any and/or all unregistered securities or TSHO and/or PBEC, meaning securities that were not registered under the Securities Act of 1933.

n)      My background and experience representing publicly traded companies and my knowledge of the federal securities laws.

o)      Any and all securities or brokerage accounts held in my name or in the name of Carrillo Huettel LLP, or in which I or Carrillo Huettel LLP have had any control and/or direct or indirect beneficial interest.

p)      Any and all bank accounts held in my name or in the name of Carrillo Huettel LLP, or in which I or Carrillo Huettel LLP have had any control and/or direct or indirect beneficial interest.

q)      The sources and amount of my income and that of my spouse or other family members at any time.

r)      Correspondence sent by or on behalf of me and/or Carrillo Huettel LLP to the staff of the Securities and Exchange Commission.

s)      Communications involving me and/or Carrillo Huettel LLP concerning:

      i.      The 2009 acquisition of Descanso Agency Inc. and subsequent formation of PBEC.

      ii.     The control, distribution and sales of PBEC securities by initial PBEC shareholders, their affiliates and nominee entities.

      iii.    Private placements of PBEC securities in which John Kirk, Benjamin Kirk or Dylan Boyle had any involvement.

      iv.     Press releases issued and 8-Ks filed by PBEC.

      v.      10-Ks and 10-Qs filed by PBEC.

      vi.     Efforts to promote or increase demand for PBEC stock.

      vii.    Analyst reports concerning PBEC, including without limitation reports prepared by Harry Russell or Howard N. Stillman.

8.      I understand that the Commission will rely upon my assertion of the Fifth Amendment privilege as noted above contained in this Declaration in excusing my personal appearance to provide testimony as compelled in the Subpoena.

9.      The Commission staff has informed me of the Commission's position that: (a) in any administrative proceeding or civil action filed by the Commission against me, an adverse inference may be drawn against me by the fact-finder in any such proceeding or action as a result of the invocation of the Fifth Amendment privilege as noted above with respect to any questions concerning the events underlying the above-captioned matter; and (b) a judge or jury might infer

6

that my answer to any questions concerning those topics would have tended to incriminate me. While I agree that this Declaration has the same legal import as any sworn testimony taken during any Commission investigation, my attorney has advised me that he takes the position that no adverse inference by any fact finder may be had based upon the invocation of the Fifth Amendment in the context of an investigation as contended by the Commission."

10.    I have consulted with my personal counsel, William Fleming, before executing this declaration, and I do so voluntarily and with full understanding of its contents.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/13/12

Wade D. Huettel

Approved as to form:

William Fleming, Esq.
Gage Spencer & Fleming LLP
410 Park Avenue
New York, NY 10022

# Exhibit A



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
ROOM 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
JOSHUA M. NEWVILLE
(212) 336-0578
NewvilleJ@sec.gov

January 4, 2012

**By UPS**

Wade Huettel
3033 Fifth Avenue, Suite 400
San Diego, CA 92103

Re: **Skymark Research (NY-8377)**

Dear Mr. Huettel:

The staff of the Securities and Exchange Commission is conducting a formal investigation in the matter identified above. The enclosed subpoena has been issued to you as part of this investigation. The subpoena requires you to provide sworn testimony. Please also find enclosed the Commission's Form 1662 for your review.

This investigation is a non-public, fact-finding inquiry, and it should not be construed as an indication by the Commission or its staff that any violations of the law have occurred, nor as an adverse reflection upon any person, entity or security.

If you have any questions, you may call me at 212-336-0578 or Michael Paley at 212-336-0145.

Sincerely,

Joshua M. Newville
Senior Attorney

Enclosures:    Subpoena
               SEC Form 1662



**SUBPOENA**

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Skymark Research (NY-8377)

To:    Wade Huettel
3033 Fifth Avenue, Suite 400
San Diego, CA 92103

---

☐    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below.

---

◙    **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below.

**3 World Financial Center, Room 400, New York, NY 10281-1022, on January 27, 2012 at 9:30 a.m.**

---

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By:    _____        Date:   January 4, 2012

Joshua M. Newville
Senior Counsel

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

---

NOTICE TO WITNESS:     If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

# Exhibit B

**NON-PUBLIC**

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
September 7, 2010

| | |
|---|---|
| In the Matter of<br><br>**Skymark Research (ASC)**<br><br>(NY-8377) | **ORDER DIRECTING PRIVATE INVESTIGATION AND DESIGNATING OFFICERS TO TAKE TESTIMONY** |

I.

The Commission has information that tends to show that from at least January 2009 through the present:

A.      Skymark Media Group Ltd. ("Skymark") is a corporation incorporated under the laws of Alberta, Canada with its principal place of business in Calgary, Alberta.  Skymark regularly conducts business in the United States.  Skymark is not registered with the Commission in any capacity.

B.      In possible violation of Section 203(a) of the Investment Advisers Act of 1940 ("Advisers Act"), Skymark, its officers, directors, employees, partners, subsidiaries, and/or affiliates and other persons or entities may have been or may be, for compensation, engaging in the business of advising others, through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or, for compensation and as part of a regular business, issuing or promulgating analyses or reports concerning securities, without being registered as an investment adviser and without being associated with an entity registered with the Commission as an investment adviser.

C.      In possible violation of Sections 206(1) and 206(2) of the Advisers Act, Skymark, its officers, directors, employees, partners, subsidiaries, and/or affiliates and/or other persons or entities, while acting as investment advisers, directly or indirectly, may have been or may be employing devices, schemes, or artifices to defraud any client or prospective client, or engaging in transactions, practices, or courses of business which operated or operate as a fraud or deceit upon any client or prospective client.  As a part of these activities, such persons or entities, directly or indirectly, may have been or may be making false statements of material fact or

omitting to state material facts concerning, among other things, the value of the common stock of microcap companies.

D.     In possible violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, Skymark, its officers, directors, employees, partners, subsidiaries, and/or affiliates and/or other persons or entities, directly or indirectly, in the offer or sale or in connection with the purchase or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, obtaining money or property by means of untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, or engaging in transactions, acts, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon the purchaser. As part of these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, making false statements of material fact or failing to disclose material facts concerning, among other things, the value of the stock of microcap companies.

E.     While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be making use of the mails or any means or instrumentality of interstate commerce in connection with his or its business as an investment adviser.

III.

The Commission, deeming such acts and practices, if true, to be possible violations of Sections 203 and 206 of the Advisers Act, Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 209(a) of the Advisers Act, Section 20(a) of the Securities Act, and Section 21(a) of the Exchange Act, that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 209(b) of the Advisers Act, Section 19(c) of the Securities Act, and Section 21(b) of the Exchange Act that for purposes of such investigation, George S. Canellos, Andrew M. Calamari, Michael Paley, Mona Akhtar, Linda Arnold, Yitzchok Klug, Joshua Newville, Michael Osnato, Laura Yeu, and Kristine Zaleskas, and each of them, are hereby designated as officers of the Commission and are

empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

For the Commission, by the Division of Enforcement, pursuant to delegated authority.[1]

Elizabeth M. Murphy
Secretary

By: Jill M. Peterson
Assistant Secretary

---

[1] 17 CFR 200.30-4(a)(13)

**NON-PUBLIC**

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
December 16, 2011

| | |
|---|---|
| **In the Matter of** | **SUPPLEMENTAL ORDER DESIGNATING ADDITIONAL OFFICERS** |
| **Skymark Research (ASC)** | |
| (NY-8377) | |

IT IS ORDERED that the order of the Commission adopted on September 7, 2010, authorizing a private investigation of the above captioned matter, based upon possible violations of the provisions of the federal securities laws, be and it is hereby amended by designating as additional officers of the Commission, Katherine Bromberg and Haimavathi Marlier.

For the Commission, pursuant to delegated authority, by the Division of Enforcement.[1]

Elizabeth M. Murphy
Secretary

By: Jill M. Peterson
Assistant Secretary

---

[1]   17 C.F.R. 200.30-4(a)(1).

# Exhibit C

## SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

### Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena

**A. False Statements and Documents**

Section 1001 of Title 18 of the United States Code provides as follows:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

**B. Testimony**

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

> Whoever . . . having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly . . . willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true . . . is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years or both . . . .

5. *Fifth Amendment and Voluntary Testimony.* Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

SEC 1662 (09-11)

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6. *Formal Order Availability.* If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## C. Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## D. Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self addressed envelope.

## E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment

Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

### F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

### G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

### H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

7.  To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8.  To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9.  To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10.  To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11.  To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12.  To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13.  To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14.  In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15.  To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16.  To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

17.  To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18.  To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19.  To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20.  To respond to subpoenas in any litigation or other proceeding.

4

21. To a trustee in bankruptcy.

22. To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

\* \* \* \* \*

*Small Business Owners*: The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-551-4933 or the SEC's Small Business Ombudsman at 202-551-3460.  If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR.  The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.

# Exhibit D

## BACKGROUND QUESTIONNAIRE

**Please respond to the following questions in the space provided. If you need additional space for any response, you may attach additional pieces of paper.**

Today's date: _____

1.    What is your full name?

       _____

2.    Have you ever been known by any other name?  Yes __ No __

       If yes, list each such name and the period(s) in which you were known by that name.

       _____
       _____
       _____

3.    Social Security Number? _____

4.    Date and Place of Birth?

       _____

5.    Country of Citizenship?

       _____

6.    Marital Status?  Married __ Divorced __ Single __

       If you have ever been married, state for each marriage: (i) the date(s) of the marriage; (ii) the name of your spouse; and (iii) your spouse's maiden name, if any.

       _____
       _____
       _____

7.    List the names, ages and occupations of your children, if any.

       _____
       _____
       _____
       _____

Background Questionnaire
Page 2

8.    List all residences you occupied at any time during the last three years, including
      vacation homes, beginning with your current residence. For each residence, state the
      address, dates of residence, and all telephone numbers (including facsimile numbers)
      listed at that address.

      _____
      _____
      _____

9.    List all telephone numbers and telephone credit card numbers that were in your name or
      that you regularly used at any time during the last three years. Include all residential,
      business, car, credit card and cellular telephone numbers, including those listed in your
      response to question 8. For each telephone number, state the name(s) of the
      corresponding long distance carrier(s) (e.g., Sprint, MCI, AT&T), if any.

      _____
      _____
      _____

## PUBLICLY-HELD COMPANIES

10.   Are you now, or have you ever been, an officer or director of any publicly-held
      company? Yes __ No __

      If yes, identify each such company and state your positions and the dates you held each
      position.

      _____
      _____
      _____

11.   Are you now, or have you ever been, a beneficial owner, directly or indirectly, of five per
      cent or more of any class of equity securities of any publicly held company?
      Yes __ No __

      If yes, identify each such company, and state the amount, percentage, and dates of your
      ownership.

      _____
      _____
      _____

Background Questionnaire
Page 3

<u>SECURITIES ACCOUNTS</u>

12.    List all securities or brokerage accounts that you have held in your name, individually or jointly, at any time during the last three years. Include all foreign accounts. For each such account, identify: (i) the brokerage firm; (ii) the location of the branch where your account is or was held; (iii) your broker; (iv) the type of account (i.e., cash, margin or IRA); and (v) whether any person has ever held discretionary authority or power of attorney over the account; if so, name such person(s).

13.    List all securities or brokerage accounts (including foreign accounts), other than those listed in your answer to question 12, in which you had any direct or indirect beneficial interest at any time during the last three years. For each such account, provide the information requested by question 12.

14.    List all securities or brokerage accounts (including foreign accounts), other than those listed in your answer to question 12 or 13, over which you had any control at any time during the last three years. For each such account, provide the information requested by question 12.

Background Questionnaire
Page 4

<u>BANK ACCOUNTS</u>

15.    List all accounts you have held in your name at any financial institution (i.e., bank, thrift, or credit union) at any time during the last three years.  Include all foreign accounts.  For each such account, identify: (i) the financial institution; (ii) the address of the branch at which your account is or was held; (iii) the type of account (i.e., checking, savings, money market or IRA); and (iv) whether any person has ever had discretionary authority or power of attorney over the account; if so, name such person(s).

_____

_____

_____

_____

16.    List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15, in which you had any direct or indirect beneficial interest at any time during the last three years.  For each such account, provide the information requested by question 15.

_____

_____

_____

_____

17.    List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15 or 16, over which you had any control at any time during the last three years.  For each such account, provide the information requested by question 15.

_____

_____

_____

_____

Background Questionnaire
Page 5

## PRIOR PROCEEDINGS

18.   Have you ever testified in any proceeding conducted by the staff of the Securities and Exchange Commission, a federal or state agency, a federal or state court, a stock exchange, the National Association of Securities Dealers ("NASD") or any other self-regulatory organization ("SRO"), or in any arbitration proceeding related to securities transactions?  Yes __ No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the organization or agency; and (iii) the date(s) on which you testified.

_____

_____

_____

_____

19.   Have you ever been deposed in connection with any court proceeding?  Yes __ No __

If yes, for each such proceeding, identify: (i) the title of the proceeding, and (ii) the date(s) on which you were deposed.

_____

_____

_____

_____

20.   Have you ever been named as a defendant or respondent in any action or proceeding brought by the SEC, any other federal agency, a state securities agency, the NASD or any stock exchange?  Yes __ No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the agency or tribunal; (iii) the substance of the allegations; (iv) the outcome of the proceeding; and (v) the date of the outcome.

_____

_____

_____

_____

Background Questionnaire
Page 6

21.    Have you ever been a defendant in any action (other than those listed in response to question 20) alleging violations of the federal securities laws? Yes __ No __

       If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

       _____
       _____
       _____
       _____

22.    Have you ever been a defendant in any criminal proceeding other than one involving a minor traffic offense? Yes __ No __

       If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

       _____
       _____
       _____
       _____

## EDUCATIONAL HISTORY

23.    Provide the requested information about each educational institution that you have attended beyond junior high school, beginning with the most recent and working backward to the date that you completed high school.

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

Background Questionnaire
Page 7

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

24.  Other than courses taken in connection with institutions listed in response to question 23, list any securities or business related courses taken since high school. For each such course, identify the date that the course was completed and the name of the institution or organization that offered the course.

_____
_____
_____
_____

## PROFESSIONAL LICENSES/CLUBS

25.  Do you hold, or have you ever held, any professional license?  Yes___ No ___

If yes, for each such license, identify: (i) the license; (ii) the licensing organization; (iii) the date the license was awarded; (iv) the date such license terminated, if applicable; (v) the date(s) of any disciplinary proceeding(s) against you: and (vi) the outcome of any such disciplinary proceeding (e.g., reprimand, suspension, revocation).

_____
_____
_____
_____

26.  Are you, or have you ever been, a member of any professional or business club or organization?  Yes ___ No ___

Background Questionnaire
Page 8

If yes, list for each: (i) the name of the club or organization; (ii) its address; and (iii) the date(s) of your membership.

_____

_____

_____

_____

## EMPLOYMENT HISTORY

27.  State your employment activities, beginning with the present and working backward to the date that you completed high school.

| | | | |
|---|---|---|---|
| Employer's Name/Self-Employment | | | Your Title |
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| | | | |
|---|---|---|---|
| Employer's Name/Self-Employment | | | Your Title |
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| | | | |
|---|---|---|---|
| Employer's Name/Self-Employment | | | Your Title |
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| | | | |
|---|---|---|---|
| Employer's Name/Self-Employment | | | Your Title |

Background Questionnaire
Page 9

Employer's Street Address                                              Telephone Number

City                        State              Country               Zip Code

Dates of Employment: Month/Year To Month/Year


Employer's Name/Self-Employment                                        Your Title

Employer's Street Address                                              Telephone Number

City                        State              Country               Zip Code

Dates of Employment: Month/Year To Month/Year


Employer's Name/Self-Employment                                        Your Title

Employer's Street Address                                              Telephone Number

City                        State              Country               Zip Code

Dates of Employment: Month/Year To Month/Year


Employer's Name/Self-Employment                                        Your Title

Employer's Street Address                                              Telephone Number

City                        State              Country               Zip Code

Dates of Employment: Month/Year To Month/Year


CONTINUE ON ADDITIONAL SHEETS IF NECESSARY