UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                  *Plaintiff*,

v.

CARRILLO HUETTEL LLP, *ET AL.*,

                  *Defendants*,

1:13-cv-01735 (GBD)
ECF CASE

---

### DECLARATION OF JOSHUA NEWVILLE

I, JOSHUA NEWVILLE, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1.     I am a member of the bar of this Court and an attorney for Plaintiff Securities and Exchange Commission (the "Commission"). I make this Declaration in support of the Commission's application for the entry of judgments by default pursuant to 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2 against defendants Pacific Blue Energy Corporation ("Pacific Blue") and Tradeshow Marketing Company Ltd. ("Tradeshow") (collectively, the "Defaulting Defendants"). I make this Declaration based upon my personal knowledge, upon information and documents obtained by the Commission during its investigation of this matter and during this litigation, and on information and analyses provided to me by members of the staff of the Commission.

2.     The Commission commenced this action on March 15, 2013 with the filing of its Complaint against the Defaulting Defendants and 12 other defendants (Docket Entry ("Dkt.") 1), a copy of which is attached hereto as Exhibit 1.

3.     The Commission's Complaint alleges that the Defaulting Defendants violated various provisions of the federal securities laws. Specifically, the Complaint alleged that Pacific Blue and Tradeshow violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], Rule 10b-5 [17 C.F.R. 240.10b-5] thereunder, as well as Sections 5(a) and (c) of the Securities Act [15 U.S.C. §§ 77e(a) & (c)]. The Commission seeks permanent injunctions against Pacific Blue and Tradeshow for violations of Sections 17(a), 5(a), and 5(c) of the Securities Act, and Section 10(b), Rule 10b-5 thereunder of the Exchange Act. The Commission further seeks disgorgement of ill-gotten gains and prejudgment interest thereon.

4.     On April 18, 2013, the Commission filed Pacific Blue's Waiver of Service, which Pacific Blue mailed on March 21, 2013 (Dkt. 20), a copy of which is attached hereto as Exhibit 2. Pacific Blue's Answer to the Complaint was due on May 17, 2013.

5.     Tradeshow was served with the Summons and Complaint on April 27, 2013, by personally delivering the Summons and Complaint into the hand of Luniel de Beer, Tradeshow's President, at his home address. On June 18, 2013, the Commission filed an affidavit of service, proving service on defendant Tradeshow (Dkt. 54), a copy of which is attached hereto as Exhibit 3. Tradeshow's Answer to the Complaint was due on May 20, 2013.

6. To date, neither Pacific Blue nor Tradeshow have appeared, answered or otherwise moved with respect to the Complaint. The time for Pacific Blue and Tradeshow to answer or otherwise respond to the Complaint has expired.

7. On December 10, 2013, the Commission filed a Request to enter Default against Tradeshow and Pacific Blue (Dkt. 125). The Commission's request was unopposed.

8. On December 11, 2013, the Clerk entered Certificates of Default as to Tradeshow and as to Pacific Blue (Dkt. 133, 134), copies of which are attached hereto as Exhibits 4 and 5.

9. On December 13, 2013, Commission staff sent letters to Pacific Blue (through de Beer, Franklin, and their attorneys) and to Tradeshow (through de Beer and his attorney), reminding them of the defaults, and asking them to contact Commission staff by December 20, 2013 if Tradeshow or Pacific Blue intended to defend the action. Copies of these letters are attached hereto as Exhibit 6. Commission staff has never received any response to these letters. Neither Pacific Blue nor Tradeshow has filed an answer or otherwise moved with respect to the Complaint.

10. On March 20, 2014, following oral argument by the moving parties and the Commission on February 22 and March 19, this Court entered an order denying the motions to dismiss the Commission's Complaint filed by Defendants Ben Kirk, Hinton, de Beer, Carrillo, Huettel, Carrillo Huettel LLP, Warren Davis, and Gibraltar Global Securities, Inc. (Dkt. 146.)

11. The Commission filed an Amended Complaint on June 26, 2014 (Dkt. # 166) containing the same claims and substantive allegations as the initial Compliant asserted against Pacific Blue and Tradeshow. The Amended Complaint was not served upon Pacific Blue and Tradeshow because they were already in default for failure to appear and because the Amended Complaint did not assert any additional claims against Pacific Blue and Tradeshow.

12. Defendant de Beer, a director of Pacific Blue and President of Tradeshow, answered the Amended Complaint in his individual capacity on July 10, 2014. (Dkt. 174.)

13. Attached as Exhibit 7 is a true and correct printout of Tradeshow's business entity information obtained from the Nevada Secretary of State website.

14. Attached as Exhibit 8 is a true and correct printout of Pacific Blue's business entity information obtained from the Nevada Secretary of State website.

Executed on February 6, 2015
New York, New York

s/ _____
Joshua Newville