

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

41 Madison Avenue
20th Floor
New York, NY 10010
tel  212.382.0909
fax  212.382.3456

New York

New Jersey

Miami

San Francisco

Los Angeles

Orange County

Washington, D.C.

Chicago

Atlanta

Pennsylvania

London

www.pecklaw.com

**Via Electronic Mail and FedEx**

May 14, 2014

Joshua M. Newville
Securities and Exchange Commission
New York Regional Office
3 World Financial Center, 4th Floor
New York, New York 10281

Dear Mr. Newville:

Enclosed please find Luis J. Carrillo's Responses and Objections to Plaintiff SEC's First Request for the Production of Documents.

Sincerely,

Jonathan S. Konovitch

JSK:pdm
Enclosure
94237.1



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

   -against-

CARRILLO HUETTEL LLP, LUIS J. CARRILLO,
WADE D. HUETTEL, GIBRALTAR GLOBAL
SECURITIES, WARREN DAVIS, JOHN B. KIRK,
BENJAMIN T. KIRK, DYLAN L. BOYLE, JAMES
K. HINTON JR., LUNIEL DE BEER, JOEL P.
FRANKLIN, PACIFIC BLUE ENERGY
CORPORATION, TRADESHOW MARKETING
COMPANY LTD, and DR. LUIS CARRILLO,

                Defendants.

   -and-

DR. LUIS CARRILLO,

                Relief Defendant.

No. 13-CV-1735 (BGD)

**RESPONSES AND OBJECTIONS TO PLAINTIFF SECURITIES
AND EXCHANGE COMMISSION'S FIRST REQUEST FOR THE PRODUCTION OF
DOCUMENTS DIRECTED TO DEFENDANTS CARRILLO HUETTEL LLP,
LUIS J. CARRILLO, AND WADE D. HUETTEL**

     Defendant Luis J. Carrillo ("Carrillo"), by undersigned counsel, pursuant to Rules 26 and

34 of the Federal Rules of Civil Procedure and the applicable Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York, hereby provides these

responses and objections to Plaintiff Securities and Exchange Commission's (the "SEC") First

Set of Document Requests Directed to Defendants Carrillo Huettel LLP, Luis J. Carrillo, and

Wade D. Huettel, dated April 14, 2014 (the "Requests"):

94207.1                            1

## GENERAL OBJECTIONS

1.      These General Objections are hereby incorporated by reference into the objections made with respect to each Request.  The inclusion of any specific objection to a Request is neither intended as, nor shall be in any way deemed, a waiver of any general objection or of any other specific objection that may be asserted at a later date.  In addition, the failure to include at this time any general or specific objection to the Request is neither intended as, nor shall in any way be deemed, a waiver of Carrillo's rights to assert that or any other objection at a later date.

2.      By responding or agreeing to produce documents in response to these Requests, Carrillo does not concede that such information exists or is relevant, material, or admissible as evidence.  These responses are not intended to waive and do not constitute a waiver of any objection that Carrillo may have to the admissibility or relevance of any documents or information produced.  For all documents and information produced in response to these Requests, Carrillo expressly reserves all objections or other questions regarding the competency, relevance, materiality, privilege, or admissibility of any such information as evidence in any subsequent hearing, proceeding, or trial, in this or any other action.

3.      Carrillo reserves the right to supplement, modify, revise, or otherwise amend his responses, and to make further objections, as discovery progresses and in the event that he obtains new, additional, better, or different information.

4.      Carrillo objects to the Requests, and each instruction and definition therein, to the extent they seek documents from persons other than Carrillo.  The responses provided herein are submitted only on behalf of Carrillo and not on behalf of any other person or entity.  Carrillo

94202.1                                    2

further objects to the Requests to the extent they seek documents not in Carrillo's possession, custody, or control, or refer to persons, entities, or events not known to him.

5.      Carrillo objects to the Requests, and each instruction and definition therein, to the extent they seek to impose obligations greater than or in addition to those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

6.      Carrillo objects to the Requests, and each instruction and definition therein, to the extent that they are vague, ambiguous, confusing, overly-broad, unduly burdensome, or harassing.

7.      Carrillo objects to the Requests, and each instruction and definition therein, to the extent that they seek documents and information that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

8.      Carrillo objects to the Requests, and each instruction and definition therein, to the extent that they are duplicative, cumulative, and/or seek documents and information that have been or are being provided to the SEC as part of this action and/or the SEC's pre-litigation investigation into Carrillo (including the four subpoenas duces tecum issued by the SEC to Carrillo dated November 16, 2010, December 6, 2011, April 13, 2012 and April 19, 2012). *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

9.      Carrillo objects to the Requests, and each instruction and definition therein, to the extent that they seek documents and information that are already in the possession, custody, or control of the SEC, or that can be obtained from some other source that is more convenient to Carrillo, less burdensome to Carrillo, or less expensive for all parties. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

10.     Carrillo objects that the purported timeframe set forth in the Requests is overly broad and unduly burdensome in that the Requests seek documents and information that is outside the time period of the allegations in the SEC's complaint and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

11.     Carrillo objects to the definitions provided with the Requests to the extent such definitions suggest a factual or legal conclusion regarding claims or defenses in this action or the existence or absence of documents supporting such claims.

12.     To the extent that any Request calls for production of electronically-stored information, documents, or data (including but not limited to computer files and e-mails), Carrillo objects to the production of any such information, documents, or data that are not reasonably accessible without undue burden or cost, and agrees to produce only that which is readily retrievable and responsive to the Requests.  To the extent that Carrillo agrees to produce any of the requested electronic documents or communications, Carrillo is willing to meet and confer with the SEC to determine appropriate specifications for such a production.

13.     Carrillo objects to the Requests to the extent that they seek production of documents in a form other than that in which the documents were maintained in the ordinary course of business.

14.     Carrillo objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable statutory or common-law privilege, exemption, protection, limitation, prohibition, or immunity from disclosure.  Nothing contained in this response is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, attorney work product doctrine, or any other applicable privilege, exemption, protection, limitation, prohibition, or immunity from

94202.1                                    4

disclosure.  Carrillo will not provide such privileged information, and any inadvertent production thereof shall not be deemed a waiver of, any privilege, exemption, protection, limitation, prohibition, or immunity from disclosure that may be attached thereto.

15.     Carrillo objects to the Requests to the extent that they assume disputed facts or legal conclusions.  Carrillo further objects to the Requests to the extent they are premised on erroneous assertions.  Carrillo denies any such disputed facts, assertions, or legal conclusions. Any documents or information produced in response to any such Request is without prejudice to this objection, and the production of information should not and cannot be viewed as acquiescence to any disputed facts or legal conclusions.

16.     Carrillo adopts and herein incorporates by reference any objections made by defendants Carrillo Huettel LLP and Wade D. Huettel that are relevant to Carrillo and not already included in these General Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

## DOCUMENT REQUESTS

**REQUEST NO. 1:**  All documents and information concerning Pacific Blue Energy Corp. ("PBEC") and Tradeshow Marketing Company, Inc. ("TSHO"), including without limitation:

    a.      all documents and information concerning the purchase, transfer or sale of PBEC and TSHO securities;

    b.      all documents and information concerning the beneficial ownership of PBEC and TSHO securities;

    c.      all documents and information concerning anything of value, including money or other compensation, that you or Carrillo Huettel LLP received or expected to receive in connection with PBEC or TSHO;

    d.      all documents and information concerning any agreement or relationship, or proposed agreement or relationship, between Skymark and/or ESR, and TSHO and/or PBEC;

e.      all documents and information concerning analyst reports or other analyses of
        TSHO and/or PBEC;

f.      all documents and information concerning private placements of TSHO or
        PBEC securities;

g.      all documents and information concerning indemnity or indemnification
        agreements relating to TSHO or PBEC.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly

burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are

not within Carrillo's possession, custody, or control; documents that are equally available to the

SEC; or documents that are already in the possession, custody, or control of the SEC and/or other

third parties, making the production of such documents cumulative and burdensome.  Carrillo

further objects to the extent this Request seeks information that is protected by the attorney-client

privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or

any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously

produced to the SEC all responsive documents in his possession, custody, or control during the

SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum

previously issued to Carrillo.

**REQUEST NO. 2:**  All documents and information concerning Skymark and ESR, including
without limitation:

a.      all documents and information concerning anything of value, including money or
        other compensation, that you and/or Carrillo Huettel LLP received or expect to
        receive in connection with Skymark and/or ESR;

b.      all documents and information concerning any script or notes used by Skymark
        and/or ESR representatives when speaking to subscribers by phone;

    c.      all documents and information concerning emails or other written materials sent by or prepared by Skymark and/or ESR;

    d.      all documents and information concerning Skymark and/or ESR communications with subscribers and/or prospective investors;

    e.      the February 24, 2010 StreetSweeper article regarding Skymark and Tradeshow and any proposed or draft response to that article;

    f.      the use of offshore entities and/or offshore or nominee accounts by Skymark, ESR, John Kirk, Benjamin Kirk, Dylan Boyle and/or James Hinton.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome. Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 3:** Documents sufficient to identify all accounts at financial institutions (all foreign and domestic bank and brokerage accounts) over which you had direct or indirect control and/or over which you had a direct or indirect beneficial interest.

94202.1                    7

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly

burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are

not within Carrillo's possession, custody, or control; documents that are equally available to the

SEC; or documents that are already in the possession, custody, or control of the SEC and/or other

third parties, making the production of such documents cumulative and burdensome.  Carrillo

further objects to the extent this Request seeks information that is protected by the attorney-client

privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or

any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously

produced to the SEC all responsive documents in his possession, custody, or control during the

SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum

previously issued to Carrillo.

**REQUEST NO. 4:**  For all securities or brokerage accounts that purchased, held and/or sold
PBEC or TSHO securities:

a.      all account statements for the period January 1, 2009 to the present;

b.      all new account opening information and documents, including account
        agreements, margin agreements, option agreements, trust agreements,
        documents providing discretionary trading authority for the account and/or
        related documents;

c.      All other documents and information concerning the ownership, purchase, sale
        or transfer of PBEC or TSHO securities.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly

burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are

not within Carrillo's possession, custody, or control; documents that are equally available to the

SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 5:**  For all bank accounts that received proceeds of PBEC or TSHO stock sales and/or received any other compensation in connection with PBEC, TSHO, Skymark or ESR:

    a.        all account statements;

    b.        all account opening and closing documents, including but not limited to signature cards and powers of attorney, whenever created;

    c.        all documents concerning all transactions of $1,000 or more, including without limitation, deposit slips (front and back), checks (front and back), wire transfer instructions, credit or debit memoranda, bankers acceptances, cashier's checks, money orders, or any other acknowledgements, receipts or advice for any and all such transactions.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome. Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client

privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 6:** All documents and information concerning opinion letters addressing the ownership, issuance, offer, purchase, sale or transfer of PBEC or TSHO securities.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome. Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 7:** All engagement letters or retainer agreements for work performed or contemplated to be performed by you or Carrillo Huettel LLP concerning TSHO, PBEC, Skymark, ESR and/or any other Defendant in this action.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome.  Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 8:**  All communications, including e-mails, instant messages and any other electronic communications concerning:

     a.     the 2009 acquisition of Descanso Agency Inc. and subsequent formation of PBEC;

     b.     the control, distribution and sales of PBEC securities by initial PBEC shareholders, their affiliates and nominee entities;

     c.     private placements of PBEC securities in which John Kirk, Benjamin Kirk, James Hinton or Dylan Boyle had any involvement;

     d.     press releases and 8-Ks filed by PBEC;

     e.     10-Ks and 10-Qs filed by PBEC;

     f.     efforts to promote or increase demand for PBEC stock;

     g.     analyst reports concerning PBEC, including without limitation reports prepared by Harry Russell or Howard N. Stillman;

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome.  Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 9:**  All documents and information concerning payments, gifts or compensation in whatever form (cash, securities, goods, services or any other thing of value) provided to you or Carrillo Huettel LLP by or on behalf of Dr. Luis Carrillo.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome.  Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client

privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 10:** All documents and information concerning payments, gifts or compensation in whatever form (cash, securities, goods, services or any other thing of value) provided to Dr. Luis Carrillo by or on behalf of you and/or Carrillo Huettel LLP.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome.  Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 11:** All documents and information concerning all loans from Dr. Luis Carrillo to Carrillo Huettel LLP, Luis Carrillo and/or Wade Huettel.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome.  Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 12:**  With respect to the Carrillo Huettel LLP attorney/client trust account(s) ("CH Trust Account"), the unredacted written client ledger for each client and sub-account.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome.  Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

94202.1                                      14

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 13:** All documents and information concerning the following CH Trust Account transactions (or any portion thereof) on or about the following dates:

| | | |
|---|---|---|
| a) | 7/20/2009 - 14,928.25 wire from Gibraltar Global Securities | |
| b) | 10/22/2009 - $25,000 wire to James Hinton | |
| c) | 10/30/2009 - $15,500 wire to KMix Consulting | |
| d) | 10/30/2009 - $5,000 wire to Momentum Consulting Inc. | |
| e) | 12/3/2009 - $205,893.25 wire from Gibraltar Global Securities | |
| f) | 1/6/2010 - $35,000 wire from Gibraltar Global Securities | |
| g) | 1/11/2010 - $29,955 wire to James Hinton | |
| h) | 2/8/2010 - $15,000 wire to James Hinton | |
| i) | 2/16/2010 - $28,450 wire from Gibraltar Global Securities | |
| j) | 2/18/2010 - $17,750 wire to DGM Bank & Trust | |
| k) | 2/26/2010 - $197,900 wire from DGM Bank & Trust | |
| l) | 2/26/2010 - $79,000 Interclient Transfer to James Hinton | |
| m) | 3/24/2010 - $499,980 wire from Verdmont Capital | |
| n) | 3/30/2010 - $699,980 wire from Verdmont Capital | |
| o) | 4/12/2010 - $206,500 wire to DGM Bank and Trust | |
| p) | 4/23/2010 - $157,000 wire from DGM Bank & Trust | |
| q) | 4/23/2010 - $68,994 Interclient Transfer to James Hinton | |
| r) | 4/24/2010 - $343,750 deposit | |
| s) | 5/7/2010 - $74,918 wire from Gibraltar Global Securities | |
| t) | 5/12/2010 - $206,500 wire to DGM Bank & Trust | |
| u) | 6/21/2010 - $4,681.64 wire to BTK Consulting Ltd. | |
| v) | 9/9/2010 - $50,000 wire to Global Securities Corp. | |
| w) | 9/13/2010 - $249,980 wire from Verdmont Capital | |
| x) | 11/5/2010 - $75,000 wire to Global Securities Corp. | |
| y) | 11/5/2010 - $14,800 wire to James Hinton. | |

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome. Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the

94202.1                                    15

SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 14:**  All documents and information concerning all accounts at Global Securities Corp. in the name of Dr. Luis Carrillo.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome. Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the

SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 15:** All documents and information concerning all accounts at BBVA Bancomer in the name of Dr. Luis Carrillo.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome. Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 16:** All communications including e-mails, instant messages and any other electronic communications, from or to John Kirk, Benjamin Kirk, Dylan Boyle and/or James Hinton Jr. concerning Skymark, ESR, PBEC and/or TSHO.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome. Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other

94202.1                                    17

third parties, making the production of such documents cumulative and burdensome. Carrillo

further objects to the extent this Request seeks information that is protected by the attorney-client

privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or

any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously

produced to the SEC all responsive documents in his possession, custody, or control during the

SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum

previously issued to Carrillo.

**REQUEST NO. 17:** All communications including e-mails, instant messages and any other
electronic communications, from or to Gibraltar Global Securities and/or Warren Davis
concerning Skymark, ESR, PBEC and/or TSHO.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly

burdensome. Carrillo also objects to this Request to the extent that it seeks documents that are

not within Carrillo's possession, custody, or control; documents that are equally available to the

SEC; or documents that are already in the possession, custody, or control of the SEC and/or other

third parties, making the production of such documents cumulative and burdensome. Carrillo

further objects to the extent this Request seeks information that is protected by the attorney-client

privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or

any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously

produced to the SEC all responsive documents in his possession, custody, or control during the

SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum

previously issued to Carrillo.

**REQUEST NO. 18:**  All communications including e-mails, instant messages and any other electronic communications, from or to Joseph Padilla, Andrea Ritchie (f/k/a Andrea Bruno) and/or Scottsdale Capital Advisors concerning Skymark, ESR, PBEC and/or TSHO.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are not within Carrillo's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome.  Carrillo further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

**REQUEST NO. 19:**  All communications including e-mails, instant messages and any other electronic communications, from, to or concerning:

      a.    Momentum Consultants

      b.    Kita-Kaine Investment Holdings Company, Ltd.

      c.    Excel Relations

      d.    BuySide Group

      e.    Orillac and Guardia

      f.    Verdmont Capital S.A.

      g.    DGM Bank and Trust

h.   Permatrust LLC

i.   Frederick Sharp

j.   Corporate House

k.   Grand Palm Ltd.

l.   Don Scholar

m.   Belkis Reyes

n.   Bedford International LLC

o.   Strotas Group Corp.

p.   Irish Delta Inc.

q.   Baltic Investment Ltd.

r.   Mazi International Corp.

s.   True North Consulting Ltd.

t.   Dartmore International

u.   Bluewater Financial

v.   Strand Group

w.   Seacrest Ventures

x.   Medford Financial.

**RESPONSE:**

Carrillo objects that this Request is vague, ambiguous, overly-broad, and unduly

burdensome.  Carrillo also objects to this Request to the extent that it seeks documents that are

not within Carrillo's possession, custody, or control; documents that are equally available to the

SEC; or documents that are already in the possession, custody, or control of the SEC and/or other

third parties, making the production of such documents cumulative and burdensome.  Carrillo

further objects to the extent this Request seeks information that is protected by the attorney-client

94202.1                                    20

privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Carrillo responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims and in response to the subpoenas duces tecum previously issued to Carrillo.

Dated: New York, New York
          May 14, 2014

**PECKAR & ABRAMSON**

Thomas J. Curran
41 Madison Avenue, 20th Floor
New York, New York 10010
Tel: (212) 307-5500
Fax: (212) 307-5598

*Attorneys for Defendant Luis J. Carrillo*