UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,        :
                                                                                    :   Case No.: 13 CV 1735 (GSD)
                              Plaintiff,         :
                                                                                    :
          -against-                                         :
                                                                                    :
CARRILLO HUETTEL LLP, et al.                              :
                                                                                    :
                             Defendants.      :
------------------------------------------------------------------------x

### DEFENDANT WADE D. HUETTEL'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant Wade D. Huettel ("Huettel"), by his attorneys Gage Spencer & Fleming LLP, hereby responds to Plaintiff Securities and Exchange Commission's First Request for the Production of Documents to Defendants Carrillo Huettel LLP, Luis J. Carrillo, and Wade D. Huettel as follows:

### GENERAL OBJECTIONS

1. Huettel objects to each and every Request to the extent such Request is duplicative, overly broad, ambiguous, vague, unclear, and not relevant or material to, nor reasonably calculated to lead to the discovery of evidence admissible in this action.

2. Huettel objects to each and every Request to the extent such Request can be construed as requesting disclosure of information or identification of documents prepared by or at the direction of attorneys, or by or for attorneys' representatives or agents in anticipation of litigation.

3. Huettel objects to each and every Request to the extent such Request can be construed as requesting attorney work-product, including, without limitation, any materials

1

containing or reflecting mental impressions, conclusions, opinions, and/or legal theories, or the basis thereof, of attorneys.

4. Huettel objects to each and every Request to the extent such Request can be construed as requesting disclosure, release or review of documents protected from disclosure by the attorney-client privilege or any other privilege or immunity.

5. Huettel objects to each and every Request to the extent such Request seeks to require production of documents not in his possession, custody or control.

6. Huettel objects to producing documents that are public, equally available to Plaintiffs, and/or already in Plaintiffs' possession.

7. Huettel objects to each and every Request to the extent such Request seeks to require production of confidential, proprietary, or trade secret information.

8. Huettel adopts and herein incorporates by reference any objections made by defendants Carrillo Huettel LLP and Luis J. Carrillo that are relevant to Huettel and not already included in these General Objections.

### GENERAL INSTRUCTIONS AND CONDITIONS FOR RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

1. In responding, Huettel makes no admissions of any sort and none may be inferred from any of his responses. Huettel further does not waive any objections based on relevance, materiality, competence, privilege, immunity from disclosure, admissibility or other grounds as specified above. Huettel will produce responsive documents and information for the purpose of this action and for no other purpose.

2. Huettel will produce responsive documents and information and will make confidential documents available only pursuant to a protective order and stipulation to be agreed upon and executed by all parties.

3. Huettel has exercised due and reasonable diligence in responding to the instant Requests. Huettel reserves the right to amend, revise, correct, add to, clarify or supplement his responses at any time. Huettel further reserves the right to assert any applicable objections to the production of any additional documents.

4. Subject to the foregoing reservations and objections, and without waiver thereof, Huettel responds to Plaintiffs' Request for Document Production:

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:** All documents and information concerning Pacific Blue Energy Corp. ("PBEC") and Tradeshow Marketing Company, Inc. ("TSHO"), including without limitation:

a. all documents and information concerning the purchase, transfer or sale of PBEC and TSHO securities;

b. all documents and information concerning the beneficial ownership of PBEC and TSHO securities;

c. all documents and information concerning anything of value, including money or other compensation, that you or Carrillo Huettel LLP received or expected to receive in connection with PBEC or TSHO;

d. all documents and information concerning any agreement or relationship, or proposed agreement or relationship, between Skymark and/or ESR, and TSHO and/or PBEC;

e. all documents and information concerning analyst reports or other analyses of TSHO and/or PBEC;

f. all documents and information concerning private placements of TSHO or PBEC securities;

3

    g.      **all documents and information concerning indemnity or indemnification agreements relating to TSHO or PBEC.**

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 2:** **All documents and information concerning Skymark and ESR, including without limitation:**

    a.      **all documents and information concerning anything of value, including money or other compensation, that you and/or Carrillo Huettel LLP received or expect to receive in connection with Skymark and/or ESR;**

    b.      **all documents and information concerning any script or notes used by Skymark and/or ESR representatives when speaking to subscribers by phone;**

    c.      **all documents and information concerning emails or other written materials sent by or prepared by Skymark and/or ESR;**

    d.      **all documents and information concerning Skymark and/or ESR communications with subscribers and/or prospective investors;**

4

      e.      the February 24, 2010 StreetSweeper article regarding Skymark and Tradeshow and any proposed or draft response to that article;

      f.      the use of offshore entities and/or offshore or nominee accounts by Skymark, ESR, John Kirk, Benjamin Kirk, Dylan Boyle and/or James Hinton.

**RESPONSE:**

      Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

      Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 3:** Documents sufficient to identify all accounts at financial institutions (all foreign and domestic bank and brokerage accounts) over which you had direct or indirect control and/or over which you had a direct or indirect beneficial interest.

**RESPONSE:**

      Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third

parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 4:** For all securities or brokerage accounts that purchased, held and/or sold PBEC or TSHO securities:

    a.    **all account statements for the period January 1, 2009 to the present;**

    b.    **all new account opening information and documents, including account agreements, margin agreements, option agreements, trust agreements, documents providing discretionary trading authority for the account and/or related documents;**

    c.    **all other documents and information concerning the ownership, purchase, sale or transfer of PBEC or TSHO securities.**

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other

6

applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 5:** **For all bank accounts that received proceeds of PBEC or TSHO stock sales and/or received any other compensation in connection with PBEC, TSHO, Skymark or ESR:**

    a.    **all account statements;**

    b.    **all account opening and closing documents, including but not limited to signature cards and powers of attorney, whenever created;**

    c.    **all documents concerning all transactions of $1,000 or more, including without limitation, deposit slips (front and back), checks (front and back), wire transfer instructions, credit or debit memoranda, bankers acceptances, cashier's checks, money orders, or any other acknowledgements, receipts or advice for any and all such transactions.**

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has

previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 6:** **All documents and information concerning opinion letters addressing the ownership, issuance, offer, purchase, sale or transfer of PBEC or TSHO securities.**

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 7:** **All engagement letters or retainer agreements for work performed or contemplated to be performed by you or Carrillo Huettel LLP concerning TSHO, PBEC, Skymark, ESR and/or any other Defendant in this action.**

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not

within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 8:** **All communications, including e-mails, instant messages and any other electronic communications concerning:**

- a. **the 2009 acquisition of Descanso Agency Inc. and subsequent formation of PBEC;**
- b. **the control, distribution and sales of PBEC securities by initial PBEC shareholders, their affiliates and nominee entities;**
- c. **private placements of PBEC securities in which John Kirk, Benjamin Kirk, James Hinton or Dylan Boyle had any involvement;**
- d. **press releases and 8-Ks filed by PBEC;**
- e. **10-Ks and 10-Qs filed by PBEC;**
- f. **efforts to promote or increase demand for PBEC stock;**
- g. **analyst reports concerning PBEC, including without limitation reports prepared by Harry Russell or Howard N. Stillman;**

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly

9

burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 9: All documents and information concerning payments, gifts or compensation in whatever form (cash, securities, goods, services or any other thing of value) provided to you or Carrillo Huettel LLP by or on behalf of Dr. Luis Carrillo.**

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

10

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 10:** All documents and information concerning payments, gifts or compensation in whatever form (cash, securities, goods, services or any other thing of value) provided to Dr. Luis Carrillo by or on behalf of you and/or Carrillo Huettel LLP.

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 11:** All documents and information concerning all loans from Dr. Luis Carrillo to Carrillo Huettel LLP, Luis Carrillo and/or Wade Huettel.

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly

11

burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 12:** With respect to the Carrillo Huettel LLP attorney/client trust account(s) ("CH Trust Account"), the unredacted written client ledger for each client and sub-account.

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has

previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 13:** All documents and information concerning the following CH Trust Account transactions (or any portion thereof) on or about the following dates:

- a) 7/20/2009 - 14,928.25 wire from Gibraltar Global Securities
- b) 10/22/2009 - $25,000 wire to James Hinton
- c) 10/30/2009 - $15,500 wire to KMix Consulting
- d) 10/30/2009 - $5,000 wire to Momentum Consulting Inc.
- e) 12/3/2009 - $205,893.25 wire from Gibraltar Global Securities
- f) 1/6/2010 - $35,000 wire from Gibraltar Global Securities
- g) 1/11/2010 - $29,955 wire to James Hinton
- h) 2/8/2010 - $15,000 wire to James Hinton
- i) 2/16/2010 - $28,450 wire from Gibraltar Global Securities
- j) 2/18/2010 - $17,750 wire to DGM Bank & Trust
- k) 2/26/2010 - $197,900 wire from DGM Bank & Trust
- l) 2/26/2010 - $79,000 Interclient Transfer to James Hinton
- m) 3/24/2010 - $499,980 wire from Verdmont Capital
- n) 3/30/2010 - $699,980 wire from Verdmont Capital
- o) 4/12/2010 - $206,500 wire to DGM Bank and Trust
- p) 4/23/2010 - $157,000 wire from DGM Bank & Trust
- q) 4/23/2010 - $68,994 Interclient Transfer to James Hinton
- r) 4/24/2010 - $343,750 deposit
- s) 5/7/2010 - $74,918 wire from Gibraltar Global Securities
- t) 5/12/2010 - $206,500 wire to DGM Bank & Trust
- u) 6/21/2010 - $4,681.64 wire to BTK Consulting Ltd.
- v) 9/9/2010 - $50,000 wire to Global Securities Corp.
- w) 9/13/2010 - $249,980 wire from Verdmont Capital
- x) 11/5/2010 - $75,000 wire to Global Securities Corp.
- y) 11/5/2010 - $14,800 wire to James Hinton.

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or

documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 14:** **All documents and information concerning all accounts at Global Securities Corp. in the name of Dr. Luis Carrillo.**

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 15:** All documents and information concerning all accounts at BBVA Bancomer in the name of Dr. Luis Carrillo.

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 16:** All communications including e-mails, instant messages and any other electronic communications, from or to John Kirk, Benjamin Kirk, Dylan Boyle and/or James Hinton Jr. concerning Skymark, ESR, PBEC and/or TSHO.

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third

15

parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 17: All communications including e-mails, instant messages and any other electronic communications, from or to Gibraltar Global Securities and/or Warren Davis concerning Skymark, ESR, PBEC and/or TSHO.**

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 18:** All communications including e-mails, instant messages and any other electronic communications, from or to Joseph Padilla, Andrea Ritchie (f/k/a Andrea Bruno) and/or Scottsdale Capital Advisors concerning Skymark, ESR, PBEC and/or TSHO.

**RESPONSE:**

Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving his objections, Huettel responds that he has previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

**REQUEST NO. 19:** All communications including e-mails, instant messages and any other electronic communications, from, to or concerning:

    a. **Momentum Consultants**
    b. **Kita-Kaine Investment Holdings Company, Ltd.**
    c. **Excel Relations**
    d. **BuySide Group**
    e. **Orillac and Guardia**
    f. **Verdmont Capital S.A.**
    g. **DGM Bank and Trust**

   h. **Permatrust LLC**
   i. **Frederick Sharp**
   j. **Corporate House**
   k. **Grand Palm Ltd.**
   l. **Don Scholar**
   m. **Belkis Reyes**
   n. **Bedford International LLC**
   o. **Strotas Group Corp.**
   p. **Irish Delta Inc.**
   q. **Baltic Investment Ltd.**
   r. **Mazi International Corp.**
   s. **True North Consulting Ltd.**
   t. **Dartmore International**
   u. **Bluewater Financial**
   v. **Strand Group**
   w. **Seacrest Ventures**
   x. **Medford Financial**.

**RESPONSE:**

   Huettel objects that this Request is vague, ambiguous, overly broad, and unduly burdensome. Huettel also objects to this Request to the extent that it seeks documents that are not within Huettel's possession, custody, or control; documents that are equally available to the SEC; or documents that are already in the possession, custody, or control of the SEC and/or other third parties, making the production of such documents cumulative and burdensome. Huettel further objects to the extent this Request seeks information that is protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege or immunity.

   Subject to and without waiving his objections, Huettel responds that he has

18

previously produced to the SEC all responsive documents in his possession, custody, or control during the SEC's pre-litigation investigation of these claims.

Dated: New York, New York
      May 14, 2014

                          GAGE SPENCER & FLEMING LLP

                    By: _____
                          William B. Fleming
                          410 Park Avenue, Suite 900
                          New York, New York 10022
                          Tel. (212) 768-4900
                          Fax (212) 768-3629

                          *Attorneys for Defendant Wade D. Huettel*

TO:    Joshua M. Newville, Esq.
         U.S. Securities and Exchange Commission
         Division of Enforcement
         New York Regional Office

         *Attorney for Plaintiff*