

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, ROOM 400
NEW YORK, NEW YORK 10281-1022

March 25, 2015

**VIA FAX AND ECF**

The Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    <u>SEC v. Carrillo Huettel LLP et al., 13-cv-1735 (GBD) (JCF)</u>

Dear Judge Francis:

      As briefly discussed at the hearing today, we are submitting this response to the motion for a protective order filed at approximately 10 p.m. last night by Defendant Ben Kirk (which was in response to our letter of yesterday seeking attention to the same issues). We respectfully request that the Court rule as quickly as possible given that the depositions at issue are scheduled to start tomorrow and we will need to inform the witnesses as well as the court reporters whether the depositions are going forward or not.

      Mr. Kirk states in his motion that the Court should "issue a protective order requiring the SEC to reschedule the three depositions to dates and times that provide sufficient notice to the parties to allow defense counsel to attend, and permit counsel sufficient time to travel from one deposition location to the next. If the SEC cannot reschedule the depositions within the discovery deadline, it should not be permitted to take the depositions." What Mr. Kirk fails to mention is that the discovery deadline is March 31. As the depositions at issue are scheduled for March 26-27 and March 31, the depositions cannot be rescheduled before March 31. Mr. Kirk is really asking that the depositions of these witnesses not take place at all.

      The SEC believes that it provided sufficient notice to the Defendants. Mr. Kirk does not contest that the SEC informed counsel on March 12 that it would be taking the deposition of Mr. Mix (in Alberta) and Mr. Groening (in Hong Kong) and that it did the same on March 18 with respect to Mr. Gregory (in Vancouver). (See attached emails). The SEC further informed counsel that it would be setting up a video feed so that attorneys who did not want to travel could attend the deposition and ask questions from out offices. Consequently, all counsel have always been aware of how these depositions would proceed. Thus, Mr. Kirk's only complaint seems to be that the notices did provide the exact address of the depositions (which the SEC did not have at that time). The SEC does not understand how that prevented him from making travel plans.

All of this being said, the SEC would like to offer a solution that addresses the SEC's need to take these depositions, Mr. Kirk's counsel desire to attend these three depositions in person, and the need for discovery to be completed. While the discovery cut-off date is March 31, there is, in fact, fact discovery that will be continuing afterwards. There are pending motions relating to Gibraltar and the lawyer defendants. After those motions are decided, discovery will commence for approximately 60 days (30 days to produce documents and 30 days to take depositions). In addition, the parties have agreed that the SEC will take the depositions (if necessary) of those defendants who are asserting their Fifth Amendment privilege at the end of April. (These depositions were scheduled to take place in March but could not be taken because of conflicts.) We would respectfully suggest that the depositions of these three witnesses also be scheduled for the end of April (taking into consideration the witnesses' schedules) and early May (to allow for travel between the locations). There is a further advantage of scheduling the depositions in this manner. By that time, the Court will have ruled on the privilege issue, which is a potentially important issue for the depositions of the two former Skymark employees who will be testifying. The SEC suggested this solution in a call yesterday with Mr. Kirk's counsel who rejected it without providing any reason why it did not satisfy his client's needs.

In the alternative, the SEC simply requests that the depositions be allowed to go forward as they are presently scheduled. The SEC will depose the witnesses by video. Those defendants who want to participate by video can do so. And if Mr. Kirk wants to travel to Alberta and then to Hong Kong for the two Skymark witnesses he can do so – or he can attend by video.

Separately, the SEC wants to briefly address the request in Mr. Kirk's motion that the SEC pay his expenses under Local Rule 30.1 – although the SEC requests additional time to fully brief this issue. First, while Mr. Kirk claims "limited resources" and that "he lacks the funds," to pay for travel costs, he provides no actual support for these statements. To the extent that Mr. Kirk wants to use his current financial condition as a reason to shift the costs, he should submit sworn financial statements and not just the unsupported statements of counsel. We note that the Amended Complaint in this case alleges that he, along with his brother John Kirk and Dylan Boyle made more than $11 million trading the stock of Pacific Blue and Tradeshow. Second, Mr. Kirk has failed to inform the Court that he already has counsel in Alberta (in connection with a related criminal proceeding against him) who could handle these depositions in Canada live while his American counsel appears by video. Finally, Mr. Kirk suggests that the SEC has somehow chosen to take the depositions abroad and it should have to pay for that "strategic choice." The SEC did not choose to take the depositions in Canada and Hong Kong. The SEC would prefer to take the depositions in the United States. The SEC, however, has no subpoena power over these three witnesses. Canada is not even a signatory to the Hague Convention on Evidence. These witnesses are appearing for depositions because it is the right thing to do and this is where they are located. There was no strategic choice.

                                      Respectfully submitted,

                                          /s/ Todd D. Brody
                                      Todd D. Brody

cc:    Defense counsel of record (via email)