**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, | |
| *Plaintiff*, | |
| **v.** | **1:13-cv-01735 (GBD)** |
| **CARRILLO HUETTEL LLP,** *ET AL.*, | **ECF CASE** |
| *Defendants*, | |

**DECLARATION OF TODD D. BRODY IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR A CERTIFICATE OF DEFAULT AGAINST LUIS J. CARRILLO, WADE HUETTEL, CARRILLO HUETTEL, LLP, LUNIEL DE BEER, WARREN DAVIS, AND GIBRALTAR GLOBAL SECURITIES INC.**

I, Todd D. Brody, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1.  I am a member of the bar of this Court and an attorney for Plaintiff Securities and Exchange Commission (the "Commission").  I make this Declaration in support of the Commission's application for a certificate of default pursuant to Rule 55.1 of the Civil Rules for the Southern District of New York and Fed. R. C. P. 55(a) against defendants Luis J. Carrillo ("Carrillo") Wade Huettel ("Huettel"), Carrillo Huettel LLP ("Carrillo Huettel"), Luniel De Beer ("De Beer"), Warren Davis ("Davis"), and Gibraltar Global Securities, Inc. ("Gibraltar").

2.  I make this Declaration based on first-hand knowledge, information and belief. The sources of my information and the basis of my belief are documents and records obtained and reviewed by me.

3.      The Commission commenced this action on March 15, 2013, by filing the complaint and a summons for each defendant.

4.      On June 26, 2014 the Commission filed an amended complaint ("Amended Complaint").  (Docket # 166).

**CARRILLO**

5.      On July 10, 2014, Carrillo answered the Amended Complaint.  (Docket # 172).

6.      On April 8, 2015, the Court ordered Carrillo to produce certain documents previously withheld on the grounds of privilege and to testify with respect to communications with certain entities.  (Docket # 221).  On that same date, the Court also ordered Carrillo to appear for deposition in New York with the Commission paying the reasonable costs of his travel and accommodation.  (Docket # 222).  Carrillo never appeared for a deposition.

7.      On September 2, 2015, Carrillo's counsel informed the Court that he "consents to the entry of an order granting [the Commission] the injunctive relief it has asserted in the Amended Complaint …"  (Docket # 244 attached hereto as Exhibit A).  The letter further stated that "Mr. Carrillo has determined no longer to defend against the Amended Complaint filed by the Commission in this action."  *Id*.  The letter also stated that "Mr. Carrillo is fully aware and understands all of the potential consequences of his decision, including that the Commission may request that the Court default judgment against him in this matter pursuant to Federal Rule of Civil Procedure 55(b)(2)."  *Id*.

**HUETTEL**

8.      On July 10, 2014, Huettel answered the Amended Complaint.  (Docket # 169).

9.      On April 8, 2015, the Court ordered Huettel to produce certain documents previously withheld on the grounds of privilege and to testify with respect to communications with certain entities.  (Docket # 221).  Huettel never appeared for a deposition.

10.     On November 24, 2015, Huettel's counsel informed the Court that he "consents to the entry of an order granting [the Commission] the injunctive relief it has asserted in the Amended Complaint …."  (Docket # 254 attached hereto as Exhibit B).  The letter further stated that "Mr. Huettel has determined no longer to defend against the Amended Complaint filed by the Commission in this action."  *Id*.  The letter also stated that "Mr. Huettel is fully aware and understands all of the potential consequences of his decision, including that the Commission may request that the Court default judgment against him in this matter pursuant to Federal Rule of Civil Procedure 55(b)(2)."  *Id*.

### CARRILLO HUETTEL

11.     Carrillo Huettel, a limited liability partnership, was initially represented by counsel in this case.  (Docket #36-37).

12.     On July 10, 2014, Carrillo Huettel answered the Commission's Amended Complaint.  (Docket #171).

13.     On October 20, 2014, counsel for Carrillo Huettel moved to withdraw.  (Docket # 178-180).  That motion was granted by the Court on October 23, 2014.  (Docket # 182).

14.     No other attorney has filed an appearance on behalf of Carrillo Huettel.

15.     Partnerships may not proceed as *pro se* defendants in federal district court. http://www.nysd.uscourts.gov/file/forms/pro-se-litigants-manual at p. 3.  *See, e.g., Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309-10 (2d Cir. 1991).

16.     Where a party has no counsel, and cannot proceed *pro se*, default is warranted. See e.g., *Eagle Assocs.*, 926 F.2d at 1305, 1309-10; *Batra v. State Bank of India*, 15 Civ. 2678, 2016 U.S. Dist. LEXIS 68895 *4 (S.D.N.Y. May 25, 2015) ("On June 9, 1999, Noble discharged its counsel.  This resulted in Noble's default because a corporation cannot proceed pro se.")

**DE BEER**

17.     On July 10, 2014, De Beer answered the Amended Complaint.  (Docket # 174).

18.     On September 22, 2015, the Commission moved to compel De Beer's deposition after it had noticed his deposition and De Beer did not show up.  (Docket # 246).

19.     On September 23, the Court ordered De Beer to respond to the Commission's motion by no later than October 9, 2015.  (Docket # 247).

20.     On October 9, 2015, De Beer wrote a letter to the Court stating that "I hereby consent to the entry of an order granting [the Commission] the injunctive relief it has asserted in the Amended Complaint ...."  (Docket # 248 attached hereto as Exhibit C).  The letter further stated that "I have determined no longer to defend against the Amended Complaint filed by the Commission in this action."  *Id*.  The letter also stated that "I am fully aware and understand all of the potential consequences of my decision, including that the Commission may request that the Court default judgment against him in this matter pursuant to Federal Rule of Civil Procedure 55(b)(2)."  *Id*.

**DAVIS**

21.     On July 10, 2014, Davis answered the Commission's Amended Complaint.

22.     The instant case as well as *SEC v. Gibraltar Global Securities, Inc. et al.*, 13-cv-02575 (S.D.N.Y.) were consolidated for purposes of discovery.  (*See* Docket # 151 at page 186, excerpts from the transcript are attached hereto as Exhibit D).

23.     On April 1, 2015, Magistrate Judge Francis ordered that the deposition of Davis be conducted in New York with the SEC bearing the reasonable costs of the witness' travel and accommodation.  (*See* 1:13-cv-02575, Docket # 53, attached hereto as Ex. E).  On April 14, 2015 counsel for Davis moved to withdraw.  (Docket # 224).

24.     In response to the Commission's opposition to the withdrawal motion, Davis filed an affidavit stating "I do not plan to defend these actions or participate in discovery."  (Docket # 228-1, attached hereto as Exhibit F).

25.     This motion to withdraw was denied by Magistrate Judge Francis without prejudice to any future application made upon a showing that Gibraltar had produced the requested discovery and appeared for its deposition.  (Docket # 229).

26.     On June 12, 2015, counsel for Gibraltar sent a letter to the Court informing the Court that "Davis has indicated emphatically that he does not wish to defend these cases . . . ." (Docket # 232 attached hereto as Exhibit G).

27.     Judge Daniels granted the motion to withdraw by counsel for Gibraltar and Davis on June 12, 2015.  (Docket # 233).

**<u>GIBRALTAR</u>**

28.     On June 7, 2013, the Commission and Gibraltar entered into a stipulation whereby Gibraltar agreed to waive any challenges to service of process in this action.  That stipulation was entered into the record by order of the Court dated June 10, 2013.  (Docket # 33).

29.     On July 10, 2014, Gibraltar answered the Commission's Amended Complaint.

30.     On April 1, 2015, Magistrate Judge Francis ordered that the deposition of Gibraltar be conducted in New York with the SEC bearing the reasonable costs of the witness' travel and accommodation.  (*See* Exhibit E attached hereto).

31.     Gibraltar refused to appear for deposition in New York.

32.     On April 14, 2015 counsel for Gibraltar moved to withdraw.  (Docket # 223).  In an affidavit, Mr. Davis stated that Gibraltar "has no assets, is no longer in business and no party is willing to fund its defense of the SEC actions."  (Exhibit F attached hereto).

33.     This motion to withdraw was denied by Magistrate Judge Francis without prejudice to any future application made upon a showing that Gibraltar had produced the requested discovery and appeared for its deposition.  (Docket # 229).

34.     On June 12, 2015, counsel for Gibraltar informed the Court that Gibraltar would no longer be defending itself in this action.  (Exhibit G attached hereto).

35.     Judge Daniels granted the motion to withdraw by counsel for Gibraltar and Davis on June 12, 2015.  (Docket # 233).

36.     In addition to the fact that Gibraltar has informed the Court that it would not be defending itself going forward, no other attorney has filed an appearance on behalf of Gibraltar.

37.     Corporations may not proceed as *pro se* defendants in federal district court. http://www.nysd.uscourts.gov/file/forms/pro-se-litigants-manual at p. 3.  *See, e.g., Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309-10 (2d Cir. 1991).

38.     Where a party has no counsel, and cannot proceed *pro se*, default is warranted. See e.g., *Eagle Assocs.*, 926 F.2d at 1305, 1309-10; *Batra v. State Bank of India*, 15 Civ. 2678, 2016 U.S. Dist. LEXIS 68895 *4 (S.D.N.Y. May 25, 2015) ("On June 9, 1999, Noble discharged its counsel.  This resulted in Noble's default because a corporation cannot proceed pro se.")

Dated:  June 2, 2016

By:   _____ /s/ Todd D. Brody_____
                Todd Brody
                Senior Trial Counsel
                SECURITIES AND EXCHANGE COMMISSION
                200 Vesey Street, 4th Floor
                New York, NY 10281-1022
                (212) 336-0080
                brodyt@sec.gov