# EXHIBIT 12



**Gibraltar**
GLOBAL SECURITIES INC.
214 Lagoon Crt. • Sandyport • P.O. Box SP - 63886 • Nassau, Bahamas
Office: (242) 327-GGSI (4474) • Fax: (242) 327-8875 • www.ggsibahamas.com

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Account number | Security Code | Representative Code |
| 3 -652 | | |

# ACCOUNT OPENING DOCUMENTARY CHECKLIST

PLEASE BE SURE THAT YOU HAVE READ AND UNDERSTOOD THE GENERAL TERMS AND CONDITIONS.

When returning the account opening documentation, please be sure that you have enclosed the following:

### Individual/Joint Account

- ☐ New Brokerage Account Opening Application.
- ☐ Client Agreement.
- ☐ One suitable form of identification for the authorized signatory or signatories (current passport/drivers license).
- ☐ Bank Reference addressed to Gibraltar Global Securities Inc. (dated within the last 6 months)
- ☐ Character Reference Letter addressed to Gibraltar Global Securities Inc. (dated within the last 6 months)
- ☐ Utility Bill for address verification purposes. (dated within the last 6 months)

### Corporate Account

- ☐ New Brokerage Account Opening Application.
- ☐ Client Agreement.
- ☐ One suitable form of identification for the Benefical owner and for the Authorized Signatory or Signatories (current passport/drivers license).
- ☐ Certified Copy of the Certificate of Incorporation.
- ☐ Certified Copy of the Memorandum and Articles of Association.
- ☐ Corporate Trading Resolution.
- ☐ Certified Copy of the Certificate of Good Standing.
- ☐ Certificate of Incumbency.
- ☐ Trading authorization form (optional).
- ☐ Bank Reference addressed to Gibraltar Global Securities Inc. for Beneficial owner and Authorized Signatory/ Signatories. (dated within the last 6 months)
- ☐ Character Reference Letter addressed to Gibraltar Global Securities Inc. for Beneficial owner and Authorized Signatory/ Signatories. (dated within the last 6 months)
- ☐ Utility Bill for address verification purposes for Beneficial owner and Authorized Signatory/ Signatories. (dated within the last 6 months)

*NOTE: For brief descriptions of necessary due diligence documents see attachment 1*

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001042



# Gibraltar
## GLOBAL SECURITIES INC.

214 Lagoon Crt. • Sandyport • P.O. Box SP - 63886 • Nassau, Bahamas
Office: (242) 327-GGSI (4474) • Fax: (242) 327-8875 • www.ggsibahamas.com

**FOR OFFICE USE ONLY**
| Account number | Security Code | Representative Code |
|---|---|---|
| 3-652 | | |

## NEW BROKERAGE ACCOUNT APPLICATION FORM

- **Type of Service:**
  - ☐ Web Based Trading Platform (Delayed)
  - ☐ Retail Trading (Including "Full Service" and "Discount Service")
  - ☐ Level 2 Trading Platform (Real Time)

- **Registration**
  - ☐ Individual
  - ☒ Corporate**
  - ☐ Joint
  - ☐ Other _____

- **Account Type**
  - ☐ Cash Account
  - ☐ Margin Account

- **Option Trading:**
  - ☐ Yes**
  - ☐ No

### APPLICATION INFORMATION Section A

| Account holder (☐ Mr. ☐ Mrs. ☐ Company Name) | Date of Birth/Date of Incorporation |
|---|---|
| SIROTAS GROUP INC | PANAMA COMPANY Aug 4, 2009 |

| | | Citizenship |
|---|---|---|
| | CALGARY ALBERTA | CANADA |

| Mailing Address (If different from above address) | Drivers Lic. No. | Passport No. |
|---|---|---|
| | Country | Country CANADA |

| Home Phone | Business Phone | Cell Phone | Email address | Fax No. |
|---|---|---|---|---|
| 403-2179293 | 403-400-4727 | | BENKIRK@TELUS.NET | |

| Employment Status | Marital Status | Number of dependants | Are you known by any other names? |
|---|---|---|---|
| ☐ Employed ☐ Unemployed ☐ Self-employed ☐ Retired ☐ Student | ☐ Single ☐ Married ☐ Divorced ☐ Other | | ☒ No ☐ Yes ____ |

| Employer Name and Address (If self employed, type of business) | Occupation | How long employed? |
|---|---|---|
| SKYMARK RESEARCH / BSR | FINANCIAL CONSULTANT | 12 yrs |

### Co-Holder Information Section B

| Account holder (☐ Mr. ☐ Mrs. ☐ Company Name) | Date of Birth/Date of Incorporation |
|---|---|
| | |

Home Address (P.O. Box insufficient)

| Mailing Address (If different from above address) | Drivers Lic. No. Country | Passport No. Country |
|---|---|---|

| Home Phone | Business Phone | Email address | Fax No. | Citizenship |
|---|---|---|---|---|

| Employment Status | Marital Status | Number of Dependents | Are you known by any other names? |
|---|---|---|---|
| ☐ Employed ☐ Unemployed ☐ Self-employed ☐ Retired ☐ Student | ☐ Single ☐ Married ☐ Divorced ☐ Others | | ☐ No ☐ Yes ____ |

| Employer Name and Address (If self employed, type of business) | Occupation | How long employed? |
|---|---|---|

➡ Account holder initials ___   Joint owner initials ___
Page 2

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001043


# Gibraltar
## GLOBAL SECURITIES INC.
214 Lagoon Crt. • Sandyport • P.O. Box SP - 63886 • Nassau, Bahamas
Office: (242) 327-GGSI (4474) • Fax: (242) 327-8875 • www.ggsibahamas.com

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Account number | Security Code | Representative Code |
| 3-652 | | |

## CORPORATE INFORMATION Section C
### BENEFICIAL OWNER INFORMATION

▶ Account holder (☐ Mr. ☐ Mrs. ☐ Company Name): BEN KIRK

1978

Calgary Alberta

Citizenship: CANADA

Mailing Address (If different from above address):

Drivers Lic. No.:
Country:

Passport No.:
Country: CANADA

| Home Phone | Business Phone | Cell Phone | Email address | Fax No. |
|---|---|---|---|---|
| 403-217-929? | 403-400-4227 | | BENKIRK@TELUS.NET | |

Employment Status: ☒ Employed ☐ Unemployed ☐ Self-employed ☐ Retired ☐ Student

Marital Status: ☐ Single ☐ Married ☐ Divorced ☐ Other

Number of dependants:

Are you known by any other names? ☐ No ☒ Yes _____

Employer Name and Address (If self employed, type of business): SKYMARK RESEARCH / BSR

Occupation: FINANCIAL CONSULTANT

How long employed? 12 yrs

### COMPANY INFORMATION

Name_____
Address_____
Position_____

Name_____
Address_____
Position_____

Name_____
Address_____
Position_____

Name_____
Address_____
Position_____

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001044



**Gibraltar**
GLOBAL SECURITIES INC.
214 Lagoon Crt. • Sandyport • P.O. Box SP - 63886 • Nassau, Bahamas
Office: (242) 327-GGSI (4474) • Fax: (242) 327-8875 • www.ggsibahamas.com

**FOR OFFICE USE ONLY**

| Account number | Security Code | Representative Code |
|---|---|---|
| 3-657 | | |

| | |
|---|---|
| Is any account holder or immediate family member a policy making officer, director or 10% shareholder of a publicly traded company? | ☒ No ☐ Yes |
| Is any account holder or immediate family member affiliated with any securities firm or exchange, bank, insurance or trust company or the NASD? | ☒ No ☐ Yes |
| Has any account holder ever filed for arbitration or sought other legal remedies against a brokerage firm? | ☒ No ☐ Yes |

## FINANCIAL INFORMATION

▶ **Your annual income**
☐ Under US$25,000
☐ US$25,000 - US$80,000
☐ US$80,000 - US$150,000
☒ Over US$150,000

▶ **Risk Exposure**
☐ Low
☐ Moderate
☐ Speculation
☒ High Risk

▶ **Estimated monthly trading volume**
☐ Under 25K
☐ 25K - 80K
☐ 80K - 150K
☒ 150K

▶ **Estimate your liquid net worth:** (Exclusive of residence)
☐ Under US$50,000
☐ US$50,000 - US$100,000
☒ US$100,000 - US$500,000
☐ Over US$500,000

▶ **Investment Objectives**
☐ Income
☐ Long-term growth
☒ Short-term trading
☒ Active or Day trading
☐ Preservation of capital

▶ **Estimated size of Account**
☐ Under 50K
☐ 50K - 100K
☒ 100K - 500K
☐ 500K

▶ **Years of investment experience**
☐ 1-5 yrs.  ☐ 5-10 yrs.
☒ 10 yrs. +  ☐ Professional trader

▶ **Investment Experience (indicate years)**
Stocks _____  Bonds _____
Options _____  Margin _____

▶ **Will this account be managed by anyone other than yourself?**
☒ No
☐ Yes (Please fill out trading authorization form)

**Source of assets to be invested:**
☒ Investments  ☐ Inheritance  ☐ Other (explain) _____
☐ Savings  ☐ Sale of Assets

➡ Account holder initials ____  Joint owner initials ____
Page 3

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001045

# Gibraltar
## GLOBAL SECURITIES INC.
214 Lagoon Crt. • Sandyport • P.O. Box SP - 63886 • Nassau, Bahamas
Office: (242) 327-GGSI (4474) • Fax: (242) 327-8875 • www.ggsibahamas.com

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Account number | Security Code | Representative Code |
|  |  |  |

## CLIENT AGREEMENT

**1 Introduction**
1.1 This Agreement takes effect when you complete, sign and return the account opening forms to us. GGSI opens accounts online; however the said agreement must be executed and received by GGSI within 10 business days of commencement of the internet account; failing receipt of the account opening documentation GGSI reserves the right to restrict/close the account.
1.2 These general terms and conditions follow a format common to all companies within the Gibraltar Global Securities Inc. and reference is therefore made to a wide range of business activities. It must be appreciated that Gibraltar Global Securities Inc. (hereinafter referred to as ("GGSI") will not necessarily undertake all of the business activities referred to in these general terms and conditions.
1.3 In these terms and conditions unless the context otherwise requires words importing the singular shall include the plural and the masculine gender shall include the feminine and the neuter and vice versa in each case and words importing persons shall include bodies of persons whether corporate or unincorporated.
1.4 These general terms and conditions apply to all business undertaken by GGSI of whatever nature whether as corporate managers, investment managers, brokers, agents, advisers or otherwise and the term "Account" as used herein shall include each and every type of business arrangement with GGSI whether covered by a form agreement or not and the term "Account Holder" as used herein shall include each and every person or organization that holds an Account with GGSI.
1.5 The expression "Authorized Person" as used herein means the Account Holder and any person company or other entity from whom GGSI is authorized or instructed by the Account Holder to accept directions recommended or advice whether such authorization shall be general or limited and whether GGSI shall be acting as corporate managers investment managers brokers agents advisers or otherwise.
1.6 These general terms and conditions are divided into sections some of which deal principally with particular types of business and some of which deal with matters of general application. It must be appreciated that there is a degree of overlap between sections and that in any given situation GGSI may be performing several functions.
1.7 These general terms and conditions and the relationship between GGSI and the Account Holder shall be governed by and construed in accordance with the laws of the Commonwealth of the Bahamas and it is irrevocably agreed that the GGSI of the Bahamas are to have jurisdiction to settle any disputes which may arise out of or in connection with these terms and conditions and the said relationship and that accordingly any suit action or proceeding arising out of or in connection with these terms and conditions and the said relationship (in this clause referred to as "Proceedings") may be brought in such courts. Nothing in this clause shall limit the right of GGSI to take Proceedings against the Account Holder in any other court of competent jurisdiction nor shall the taking of Proceedings in one or more jurisdictions preclude the taking of Proceedings in any other jurisdiction whether concurrently or not.

**2 Investments to and from an Account**
2.1 Payments of funds to the credit of an Account may be made by electronic, transfers checks promissory notes bankers draft bills of exchange acceptances negotiable instruments or other orders for the payment of money or other instructions (hereinafter referred to as "Instruments") whether or not the Account Holder is a party to the same but in the case of any joint account GGSI shall abide by any instruction to the contrary. GGSI is authorized to endorse any Instrument presented by the Account Holder for credit to the Account if the same shall be presented unendorsed by the Account Holder.
2.2 The Account Holder shall indemnify GGSI against all claims losses or expenses made against or sustained by GGSI and/or any liability incurred by GGSI under any law having effect within the jurisdiction where any Instrument is or may be payable including without limitation any claim loss expense and/or liability which may arise by reason of the endorsement of such Instrument by GGSI.
2.3 Payments from an Account may be made by GGSI at the risk of the Account Holder by cheque bank draft mail electronic transfer or by any other acceptable means.
2.4 GGSI undertakes the custody and normal administration in all kinds of securities. GGSI is hereby authorized to deposit with third party depositaries in its own name or in the name of its nominees, for the account of the Account Holder such securities. The deposit is made at the sole risk of the Account Holder who is responsible for payment of taxes, charges and insurance costs, and the Account Holder accepts the restrictions and other measures in force at the place of deposit; these securities, metals and coins will be kept and administered by the third party depositories in accordance with their local law.
2.5 Unless the Account Holder expressly required that his securities, futures/options contracts precious metals and coins be kept separately, and pays the additional cost involved, GGSI is authorized to place them in the general deposit of GGSI, of a third party depositary, or indeed to remit them to a collective deposit center.
2.6 When the securities, futures/options contracts metals or coins are to be kept abroad, they are subject to the laws and customs in force at the place of safekeeping. Securities registered in the name of the Account Holder and those that are to be kept separately for some other reason are exceptions to these rules. When securities placed in collective deposit (or in a form comparable to such deposit) are the subject of a drawing by lot, GGSI allots the securities drawn by making a secondary drawing, using a method that guarantees equal chances. GGSI is prepared, but it shall not be obliged to assist the Account Holder in protecting this interest, particularly to exercise subscription, option and conversion rights, notwithstanding the absence of obligation on the part of GGSI in relation to assisting the Account Holder in protecting his interest, GGSI may, at its discretion, do such acts as it deems to be in the Account Holder's best interest but without any liability on the part of GGSI.
2.7 The Account Holder can require assets to be returned at any time, but GGSI will not be liable for any delay in the return of the assets to the Account Holder where the delay is caused by GGSI correspondents with whom the assets have been deposited in accordance with the terms of this Agreement. In any event the Account Holder should permit GGSI a reasonable period of time to return the assets.
2.8 Purchases and sales of securities futures/options contracts and precious metals are subject to the law of the center where the operations are effected.

**3 Joint Accounts**
3.1 All investments placed to the credit of a joint account shall be the property of the joint Account Holders as joint tenants and GGSI is authorized to rely upon and act in accordance with the instructions and request and to deal with instruments purporting to be made drawn accepted endorsed or given by any or all of the Account Holders unless otherwise specified to GGSI in writing.
3.2 Joint Account Holders (or their survivor) shall notify GGSI immediately upon the death of one of their number and GGSI shall been titled to call for and rely upon such evidence (if any) of death as it may deem fit. GGSI shall deal with joint accounts in accordance with the instructions of the surviving Account Holder, or failing such instructions is accordance with the current instructions governing the operation of the account save that no investments will be made other than to or in accordance with the directions of the surviving Account Holder.
3.3 The liability of joint Account Holders to GGSI shall be joint and several.
3.4 A notice or communication served on any one of the Account Holders shall constitute effective service on all the Account Holders.

**4 Foreign Currencies**
4.1 If funds are required to be paid invested or used to create deposits in foreign currencies the appropriate foreign exchange transactions currency restrictions and the charges involved will be for the Account.
4.2 If an Account has balances in several currencies GGSI shall unless otherwise instructed use its discretion in selecting which currency to use for a transaction.

**5 Trusteeships and Executorships**
5.1 The terms of any trusteeship or executorships business undertaken by GGSI or its affiliates are primarily governed by the terms of the relevant trust instrument or will and the relevant governing law; however the provisions of these general terms and conditions shall apply so long as the same shall not be inconsistent therewith.
5.2 In all cases GGSI may act by its proper officer without the necessity of any formal resolution of the Directors of GGSI authorizing such officer.

**6 Acts of God**
6.1 The Account Holder understands that GGSI will not be liable for loss caused directly or indirectly by government restrictions, war, strikes, "Acts of God", or any other conditions beyond the control of GGSI.

**7 Instructions**
7.1 Instructions of any Authorized Person may be accepted by GGSI if given by word of mouth letter telephone telex facsimile or any other means and the burden of proving that no such instructions have been given shall be the Account Holder's.
7.2 GGSI shall not be liable for acting in reliance upon any instructions recommendations or advice given by any Authorized Person.
7.3 GGSI accepts no responsibility for determining whether any instructions purportedly given by an Authorized Person are genuine and in fact given by an Authorized Person.
7.4 In the case of an Authorized Person who is a body corporate firm or other entity other than a single individual GGSI shall be entitled to rely upon any instructions given by any person purporting to be an officer or otherwise authorized on behalf of such Authorized Person.
7.5 Until GGSI has received written notification of revocation from the Account Holder GGSI shall not be obliged to recognize any other notification that the authority of any Authorized Person has been revoked.
7.6 In any case where GGSI is required to act upon the instructions of an Authorized Person but clear and unambiguous instructions shall not be forthcoming in timely fashion GGSI shall be authorized (but not obliged) in its complete discretion to act upon its own initiative without liability for any resulting loss.

**8 Forgeries**
8.1 Under no circumstances shall GGSI or any correspondent or agent of GGSI be liable to determine the authenticity or validity of any instrument document or communication whether purporting to be signed by an Authorized Person or a Third party, or for relying in good faith in any manner upon any such instrument document or communication which may prove to have been forged or otherwise invalid.

**9 Notices and Communications from GGSI**
9.1 Notices and other communications or correspondence from GGSI to an Account Holder shall be properly dispatched by GGSI when sent to the address nominated by the Account Holder from time to time in writing for that purpose the date of dispatch shall be presumed to be the date appearing on the GGSI copy of such notice or other communication or correspondence.
9.2 Upon the written request of The Account Holder GGSI will hold all notices and other communications or correspondence for collection by the Account Holder and will continue to hold the same until they are collected or other written instructions are received from the Account Holder. Such held notices communications or correspondence are considered delivered on the date appearing on the same.
9.3 GGSI may give effective notice to Account Holders of any amendment or additions made by GGSI to these terms and conditions pursuant to the provisions of Clause 9.1 or Clause 9.2 as appropriate.
9.4 GGSI will provide Account Holders with periodic statements at such intervals as shall be agreed with the Account Holder from time to time. Within 30 days after dispatch of a statement in accordance with Clause 9.1 or within 30 days of delivery of a statement in accordance with Clause 9.2 The Account Holder shall notify GGSI in writing of any errors omissions or other irregularities and shall thereafter cease to be entitled to raise any objection to such statement or to the propriety and charge ability of all vouchers and instruments accompanying such statement or to the correctness of the final balance shown or any other fact.

**10 Internet**
10.1 GGSI agrees to provide information, advice, recommendations and research or dealing services (to enable you to enter into a transaction with us) over our internet web site or by any other electronic measures (including E-mail).
10.2 Any use by the Account Holder of our Internet Services shall be at their sole risk. Accordingly, the Account Holder acknowledge that the internet is not a secure medium for communication of sensitive information.
10.3 Access to some areas of our Internet Services may be permitted only where the Account Holder has been issued with a password. The Account Holder must keep any password secure and shall not disclose the password to any third party without our express permission. If the Account Holder becomes aware that your password has become known to an unauthorized user, the Account Holder must inform is immediately.
10.4. GGSI shall assume that all Transactions entered into and communications made with the password were entered into or made by the Account Holder.
10.5. The Account Holder acknowledges that we have not endorsed, nor are in anyway associated with, the information or materials provided on any web site linked to ours.
10.6. GGSI shall not be liable for any direct or indirect losses, damages, cost or expenses incurred or suffered by you howsoever arising which may result from:
(a) Account Holders failure to follow instructions or directions in connection with the Internet Services; or
(b) any delay or corruption of electronic communications; or
(c) any inability to access your Account electronically; or
(d) any viruses, defects or malfunctions in connection with your access to or use of our Internet Services; or
(e) Account Holders reliance on any information or material contained in any web site linked to ours. Other than as a direct result of our gross negligence, willful default or fraud represented in such statement.

**11 Indemnity**
11.1 GGSI and every current or former officer or employee of GGSI shall have an unqualified indemnity out of the Account or, as the case may be, any managed company or other property or assets in the hands of or under the control of GGSI for all costs claims demands expenses and liabilities whatsoever suffered or incurred in any manner in or about the performance of GGSI's functions and against all costs and expenses including legal expenses incurred in settling defending or compromising the same save only that this indemnity shall not extend to cover the consequences of negligence or bad faith on the part of GGSI or any officer or employee as aforesaid.
11.2 This indemnity is in addition and without prejudice to any other rights or remedies otherwise available to GGSI.

**12 Advisers**
12.1 GGSI shall be entitled to retain on its own behalf or on behalf of a managed company the services of lawyers accountants and other advisers and shall be entitled to reimbursement of all fees and disbursements thus incurred.
12.2 GGSI shall be entitled to rely upon any advice so obtained if from a professional person or a person reasonably believed to be competent to give the advice; and GGSI shall in no event have any liability for anything done or omitted to be done in reliance upon such advice. If GGSI shall determine to obtain any such advice it shall not be liable for declining to act pending receipt of such advice.

**13 Fiduciary or Partial Interest of Account Holder**
13.1 Where an Account Holder is acting as a trustee or in any other fiduciary capacity or where the rights or interests of the Account Holder are subject to any encumbrance equity or third party interest GGSI shall (notwithstanding any actual notice of the same to GGSI) be entitled to disregard the same and to treat the Account Holder as the absolute beneficial and unencumbered owner of the Account or other property or assets concerned subject always to any written directions from the Account Holder to GGSI and to any other agreement between GGSI and the Account Holder.

**14 Court Applications**
14.1 If courts shall consider that it is or may be or become subject to conflicting claims in respect of any Account or any other property or assets GGSI may at its entire discretion take such steps as it may deem necessary (including an application to the Court in any jurisdiction by way of inter pleader or analogous process) to safeguard its interests and shall not in any event be liable for complying with any order of any Court of competent jurisdiction.
14.2 GGSI shall be entitled without liability to the Account Holder pending determination of any such conflicting claim to refuse to pay or deliver to the Account Holder all or any part of the Account property or assets as aforesaid which are the subject of conflicting claims or to act in any other manner that might prove to be improper upon the

CONTINUED ON NEXT PAGE

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001046



## Gibraltar
### GLOBAL SECURITIES INC.
214 Lagoon Crt. • Sandyport • P.O. Box SP - 63886 • Nassau, Bahamas
Office: (242) 327-GGSI (4474) • Fax: (242) 327-8875 • www.ggsibahamas.com

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Account number | Security Code | Representative Code |
|  |  |  |

## CLIENT AGREEMENT (continued)

final determination of the conflicting claims. GGSI shall be entitled to charge the Account Holder with the amount of any legal or other costs incurred by GGSI in safeguarding its interests as aforesaid.

**15 Rights of Lien Pledge Set-Off and Combination**

15.1 GGSI is hereby irrevocably authorized by the Account Holder in addition to any general lien or similar right to which GGSI may been titled by law to combine or consolidate all or any Accounts of The Account Holder (or any of the Account Holders if more than one) including The Account and/or to sell-off any assets of the Account Holder (or any of the Account Holders) against any obligations and liabilities of the Account Holder (or any of the Account Holders) to GGSI on any other Account or in any other respect whether such obligations and liabilities shall be actual contingent several or joint.

15.2 If upon first demand made by GGSI the Account Holder (or any of the Account Holders if more than one) fails to pay or discharge any obligations and liabilities referred to in Clause 15.1 above or alternatively fails to restore the margin of cover to GGSI's satisfactions GGSI shall be entitled to sell realize or otherwise dispose of such assets of the Account Holder (or any of The Account Holders) at its discretion and to apply the proceeds of such sale realization or disposal in reduction or discharge of such obligations and liabilities.

**16 Remuneration and Compensation**

16.1 Save where GGSI has expressly agreed in writing to the contrary its appropriate scale of fees from time to time in force shall be payable for services rendered.

16.2 In addition GGSI shall be reimbursed for all costs expenses and disbursements in or about the provision of its services or the exercise of its powers rights and remedies. GGSI is empowered to liquidate securities to cover such fees.

16.3 Liability for the fees costs expenses and disbursements of GGSI shall be that of the Account Holder and if more than one of the Account Holders jointly and severally.

16.4 The Account Holder acknowledges receipt of the current scale of fee's.

**17 Disclaimer on Advice**

17.1 It shall be the sole responsibility of The Account Holder to obtain such advice as to taxation or any other matter of law within or without the jurisdiction as may be appropriate or desirable; and under no circumstances shall GGSI have any responsibility for the efficacy for any purpose of any arrangement established by or upon the instructions of the Account Holder or an Authorized Person.

17.2 GGSI in its entire discretion may require evidence where it deems this necessary that The Account Holder has engaged legal representation in connection with his projected business with GGSI. Furthermore it is the sole responsibility of the Account Holder to assure himself that such legal representation is adequate for his needs and GGSI accepts no liability or responsibility for the adequacy of such legal representation.

**18 Identification and Reference**

18.1 On the opening of an Account GGSI will require proof of the identity of an individual Account Holder by the production of a valid passport or other identification satisfactory to GGSI and will require with respect to corporate Account Holder appropriate constitutional documents and resolutions satisfactory to GGSI. GGSI will also require the Account Holder to provide references satisfactory to GGSI.

18.2 GGSI may take an independent method of verifying the identity, source of funds, or any information provided by the Account Holder on the Accounts Opening Application form at my expense.

**19 Suspect Transactions**

GGSI retains the following rights at all times over the Account Holder's account:

19.1 GGSI will constantly monitor all account activity and reserves the right to query the Account Holder regarding any transaction which GGSI might perceive as suspect.

19.2 GGSI reserves the right to request detailed information about any transaction it may deem as suspect before executing the Account Holder's transaction request.

19.3 GGSI reserves The right to return any wire transfer to its place of origin, without the consent of the Account Holder, if the transaction is deemed as suspect.

19.4 GGSI reserves the right to immediately close the account and return all funds to their place of origin without the consent of the Account Holder, if the Account Holder is unable to satisfy GGSI to the nature of any transactions which might be deemed as suspect by GGSI.

19.5 GGSI does not engage in "in and out" transactions whereby assets are transferred into the Account Holder's account and transferred back out of the Account Holder's account in a very short time period. This includes but is not limited to cash, checks, wire transfers, purchase and subsequent delivery of securities.

**20 Arbitration**

All disputes or differences whatsoever which shall at any time hereafter (whether during the continuance in effect or upon its discharge or determination) arise between the parties hereto touching or concerning this agreement or its construction or effect or as to the rights duties and liabilities of the parties hereto or either of them under or by virtue of this agreement or otherwise or as to any other matter in any way connected with or arising out of or in relation to the subject matter of agreements hall in accordance with and subject to the provisions of The Arbitration Act, Chapter 168 or any statutory modification or re-enactment thereof for the time being in force be referred (unless the parties concur in the appointment of the single arbitrator) to two arbitrators (one to be appointed by each party to the dispute or difference) who shall by instrument in writing appoint an umpire immediately after themselves appointed. The parties shall be deemed to have failed to concur in appointing a single arbitrator if such arbitrator shall not have been appointed within seven clear days after service by either party on the other of a notice requesting him to concur in (the appointment of such an arbitrator and in the event of such failure). If either party shall refuse or neglect appoint an arbitrator for seven clear days after the other party having appointed his arbiter or has served the party making default with notice to make the appointment the party who has appointed that arbitrator shall be entitled to appoint that arbitrator to act as sole arbitrator in the reference. Upon every or such reference (the arbitrator or) arbitrators and umpire shall respectively have power to take the opinion of such counsel as they or he may think fit upon any question of law that may arise and at their or his discretion to adopt any opinion so taken and to obtain the assistance of such accountant surveyor, valuer or other experts as they or he may think fit and to act upon any statements of accounts survey valuation or ex pert assistance obtained. And each of these parties shall do all acts and things and execute all deeds and instruments necessary to give effect to the award to be made pursuant tot his arbitration agreement. The Account Holder indemnify GGSI in respect to each and every legal and administrative cost incurred in respect of each and every dispute or difference referred to arbitration pursuant to the terms hereof including all costs incurred by GGSI in such arbitrations involving the Account Holder. Not withstanding the generality of the foregoing GGSI shall be entitled to commence proceedings against the Account Holder in any and all jurisdictions as it may think fit.

**21 Signature**

21.1 The Account Holder hereby consents and agrees to all of the terms and conditions of this agreement.

*Stratos Group Corp.*
**Account Title**

*Luz Erika Julia*
**Name (Please Print)**

*Luz E. Julio P.*
**Signature**

*Miriam Garcia de Gonzalez*
**Name (If Joint Account)**

X *Miriam Garcia Luz*
**Signature (If Joint Account)**

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001047



**Gibraltar**
GLOBAL SECURITIES INC.
214 Lagoon Crt. • Sandyport • P.O. Box SP - 63886 • Nassau, Bahamas
Office: (242) 327-GGSI (4474) • Fax: (242) 327-8875 • www.ggsibahamas.com

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Account number | Security Code | Representative Code |
| | | |

# TRADING RESOLUTION FOR SECURITIES CORPORATION

Certified Copy of a Resolution Passed by the Directors of _____
(the Corporation) authorizing the establishment and maintenance of brokerage accounts with GIBRALTAR GLOBAL SECURITIES INC. (GGSI).

BE IT RESOLVED:

1. That the Corporation shall be established and maintain an account, which may be a margin account, with GGSI. In connection with any securities (which term includes all instruments commonly known as securities) which may be purchased, hold, sold or otherwise dealt with on behalf of the Corporation as hereinafter authorized.

2. That the _____
   Title/Name of Authorized Trader
   are hereby authorized on behalf of the corporation; to subscribe for, accept, purchase, convert, exchange, pledge, sell, transfer, surrender, engage in short sales and otherwise deal with any securities and hereby authorized on behalf of the corporation; to invest any money belonging to the Corporation in such securities, whether in the name of the Corporation alone or jointly with any other person(s) and to vary any of belonging to the Corporation; to purchase securities on margin, borrow money from or through GGS on the Corporations behalf and pledge securities belonging to the Corporation as security for any such indebtedness; to give and receive receipts, discharge and releases in respect of securities of the Corporation and to receive all interest, dividends and other money payable in respect thereof: to receive and acquiesce as to the accuracy of all notices of transactions, statements of account and other records and documents in connection with the Corporation's account; to execute a margin agreement with GGSI on behalf of the Corporation; and for the purpose aforesaid to endorse or sign on behalf of the Corporation any cheque or other instrument payable to it, alone or jointly with any other person(s), to sign on behalf of the Corporation with GGSI; and generally to do and take all actions which they deem to be necessary or proper in connection with transactions in securities on behalf of the Corporation.

3. GGSI may treat this resolution as being in full force and effect until it shall have received a copy, certified by the Secretary of the Corporation under its corporate seal, of a resolution repealing, replacing or amending this resolution.

I hereby certify that I am the Secretary of _____
   Name of Corporation
("the Corporation) and the foregoing is a true and a correct copy of a resolution duly passed by the directors of the Corporation which resolution is unamended and in full force and effect.

I further certify that each of the following persons named below has been duly elected and appointed to and is now legally holding the office set opposite his name and that the signature set opposite the name of each of the said persons is his signature.

| SIGNATURE | TITLE | NAME |
|---|---|---|
| x _[signature]_ Julio P. | President | Ley Brita Julio |
| | Vice-President | |
| x _[signature]_ | Secretary | Miriam Barria de Gonzalez |
| x _[signature]_ | Treasurer | Vladimir Osaya |

Date the _____ day of _____, _____

(Corporate Seal)

x _[signature]_
(Secretary)

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001048



# Gibraltar
## GLOBAL SECURITIES INC.
214 Lagoon Crt. • Sandyport • P.O. Box SP - 63886 • Nassau, Bahamas
Office: (242) 327-GGSI (4474) • Fax: (242) 327-8875 • www.ggsibahamas.com

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Account number | Security Code | Representative Code |
|  |  |  |

## FULL TRADING AUTHORIZATION

Full Title of Account: _____

TO: Gibraltar Global Securities Inc.

The undersigned hereby authorizes _____ as the undersigned's agent and attorney-in-fact ('Authorized Agent") to buy, sell (including short sells) and trade in any and all securities of any kind, including without limitations stocks, bonds, and any other securities and/or commodities, securities or commodity futures (including foreign currency and securities indexes), put and call options (including equity, commodity or other options) or other contracts relating to the same on margin or otherwise, in accordance with your terms and conditions for the undersigned's account and risk, and in the undersigned's name or number on your books.

You are authorized to follow the instructions of the authorized agent in every respect concerning the undersigned's account with you, and to make deliveries of securities and payment of monies as he may order and direct in accordance with the policies of your firm. In all matters and things aforementioned, as well as in all other things necessary or incidental to the furtherance or conduct of the account of the undersigned, the Authorized Agent is authorized to act for the undersigned and in the undersigned's behalf in the same manner and with the same force and effect as the undersigned might or could do.

This authorization and indemnity shall benefit you, your successors and assigns, as well as introducing brokers for which you clear. This authorization shall apply to all accounts of the undersigned or in which the undersigned has an interest, whether previously opened, now open or opened in the future, with you, your predecessor firms or any introducing brokers for which you clear, and all previous, current and future transactions in any and all such accounts. All prior transactions for the undersigned by the Authorized Agent are ratified in all respects.

The undersigned hereby agrees to indemnify and hold you harmless from and to pay you promptly on demand any and all loses arising therefrom or debit balances thereon. This authorizations and indemnity is in addition to (and in no way limits or restricts) any rights which you may have under any other agreement or agreements between the undersigned and you. This authorization and indemnity is also a continuing one and shall remain in full force and effect until revoked by the undersigned by a written notice actually received by the Introducing GIBRALTAR GLOBAL SECURITIES INC., but such revocation shall not affect any liability in any way resulting from transactions initiated prior to such revocation.

Date: _____

1. AUTHORIZED BY (Account Owner Signature)
Sign below if account is Individual or Joint:         or         Sign below if account is an ENTITY
                                                                                (i.e. Corp, partnership, LLC)

_____                             _____
Account Holder Signature (REQUIRED)                                  Authorized Signature

_____                             _____
Print Name                                                                         Print Name & Title

_____
Joint Account Holder Signature (if applicable)

_____
Print Name (if applicable)

2. ACCEPTED BY AGENT  (Authorized Trader Signature) :

_____
Authorized Trader Signature

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to
third parties except for purposes of SEC investigations and
proceedings. Call OIA for further information at x16690.

SCB-0001049



**Gibraltar**
GLOBAL SECURITIES INC.
214 Lagoon Crt. • Sandyport • P.O. Box SP - 63886 • Nassau, Bahamas
Office: (242) 327-GGSI (4474) • Fax: (242) 327-8875 • www.ggsibahamas.com

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Account number | Security Code | Representative Code |

# ACCOUNT OPENING DOCUMENTATION

## INDIVIDUAL

1) Bank reference – A bank reference must be prepared on the letter head of the respective bank or credit union and signed by an officer of the bank or credit union. The bank reference should include: the nature of the account, the manner in which the account has been handled, the length of time of the banking relationship. The bank reference should be 6 months or less.

2) A Utility bill or credit card statement for address verification. The name and address appearing on the utility bill must match that which appears on the account opening application. The age of the utility bill must be 6 months or less. Examples of an acceptable utility bill include the following: (electricity bill, telephone bill, water bill, and internet bill). A credit card statement can be used as a utility bill but the statement must show the individual's name and address and is to be no older than 6 months.

3) A Valid picture identification (current passport; current driver's license; voter's card). The photo identification should include an identification number, expiry date, signature of holder, date of birth and nationality.

4) A Character reference must be written on the letter head of the person writing the reference and must show the address. It should also be dated and signed. (The Character Reference may be from an accountant, attorney, insurance representative, business partner, pastor, etc). The character reference should not be older than 6 months and must be written by an individual who has known the prospective client for at least 3 years. The character reference should indicate the length and nature of the relationship as well as speak to the quality of the character of the prospective client. References written by family members are not acceptable.

## CORPORATE

1) A Bank reference for the Beneficial Owner, Directors, and Officers.

2) A Utility bill or credit card statement for address verification as regards to the Beneficial Owner, Directors and Officers.

3) A Valid picture identification (passport; drivers license; voters card) for the Beneficial Owner, Directors, and Officers.

4) A Character reference for the Beneficial Owner, Directors and Officers written on the letter head of the person writing the reference (reference from an accountant, attorney, insurance representative, business partner, pastor, etc).

5) Relevant documents of the company as specified on the account application form, including: memorandum and articles of incorporation; certificate of incorporation; certificate of good standing, certificate of incumbency, etc.

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001050

# ORILLAC & GUARDIA
Abogados * Attorneys at Law

Javier Orillac Icaza
Roberto Guardia Rabell

Panama, October 23, 2009

**Mr. David Williams**
Broker
Gibraltar Global Securities Inc.
214 Lagoon Crt.
Nassau, Bahamas

**Ref.:   Strotas Group Cor.**

Dear Mr. Williams:

For instructions of Mr. Ben Kirk, I'm attached the following forms and other documents for the Brokerage Account:

1. Forms of Resolution duly signed by Directors
2. Reference for the Directors, legalized with the Apostille de la Haya
3. Copy of identifications of the directors
4. Notarized copy of the Articles of Incorporation (Spanish/English) legalized with the Apostille de la Haya
5. Certificate of Good Standing (Spanish/English) legalized with the Apostille de la Haya

Sincerely yours,

*by. Daysi L. Gil*

Roberto I. Guardia R.

Enc.

Ave. Samuel Lewis y Calle 58, P.H. ADR Technologies, Piso #7, Local 7-A
Tel. (507)263-3917. Fax (507)263-3924. Apartado 0816-05159, Panamá, Rep. de Panamá

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001051



**GUARDIA & GUARDIA**
Abogados * Attorneys at Law

REPUBLICA de PANAMA
* TIMBRE NACIONAL *
=006.00

Roberto I. Guardia R.
Arlette D. de Guardia
Farah Y. Cedeño G.

October 20, 2009

Messrs
**Gibraltar Global Securities Inc.**
Nassau, Bahamas.-

**Ref.: STROTAS GROUP CORP.**

Dear Sirs:

We certify that **LUZ ERIKA JULIO, VLADIMIR ISAZA,** and **MIRIAM BARRIA DE GONZALEZ,** are related to our office and forms a part of the Boards of directors of the great majority of the companies that we constitute.

These persons are reliable, responsible, and very good collaborators of this office.

If for some reason they needed to extend this reference, do not hesitate to contact us.

Sincerely yours,

*GUARDIA & GUARDIA*

Yo, Licdo LUIS FRAIZ DOCABO, Notario Público Primero del Circuito de Panamá, con Cédula de Identidad Personal No 8-311-734
CERTIFICO:
Que las firmas anteriores son auténticas, pues han sido reconocidas por los firmantes como suyas

2 2 OCT 2009

PANAMA

TESTIGO          TESTIGO

Licdo LUIS FRAIZ DOCABO
NOTARIO PUBLICO PRIMERO

Ave. Samuel Lewis y Calle 58, P.H. ADR Technologies, Piso #7, Local 7-A
Tel. (507)263-3917. Fax (507)263-3924. Apartado 0816-05159, Panamá, Rep. de Panamá

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001052

# REPUBLIC OF PANAMA
## PUBLIC REGISTRY OFFICE

185 5056 2619

REPUBLICA de PANAMA
★ TIMBRE NACIONAL ★

≊006.00

23 10 09   P.B. 1102

THE GENERAL DIRECTORATE OF THE PUBLIC REGISTRY

IN CONSIDERATION OF PETITION 09 – 289744

CERTIFIES:

-----------------------------------------------THAT THE COMPANY:--------------------------------------------

**STROTAS GROUP CORP.**
IS REGISTERED on    Data Card **671111**    Document    **1626816**
SINCE AUGUST FOURTH OF THE YEAR TWO THOUSAND NINE,
THAT THE COMPANY IS ACTIVE.

THAT ITS SUBSCRIBERS ARE –
    1- ROBERTO GUARDIA RABELL
    2- JULIO COLLADO QUIROZ

THAT ITS DIRECTORS ARE –
    1- LUZ ERIKA JULIO
    2- MIRIAM BARRIA DE GONZALEZ
    3- VLADIMIR ISAZA

THAT ITS OFFICERS ARE –
    PRESIDENT    -    LUZ ERIKA JULIO
    TREASURER    -    VLADIMIR ISAZA
    SECRETARY    -    MIRIAM BARRIA DE GONZALEZ

THAT ITS LEGAL REPRESENTATION WILL BE PERFORMED –
    BY THE PRESIDENT AND IN HIS ABSENCE BY THE SECRETARY OR THE PERSON DESIGNED
    BY THE BOARD OF DIRECTORS

THAT ITS RESIDENT AGENT IS – GUARDIA & GUARDIA

THAT ITS CAPITAL STOCK IS OF    *********10,000.00 U.S. DOLLARS.
THAT ITS DURATION IS PERPETUAL
THAT ITS DOMICILE IS IN PANAMA

ISSUED AND SIGNED IN THE CITY OF PANAMA, ON THE TWENTY-FIRST DAY OF THE MONTH OF
OCTOBER OF THE YEAR TWO THOUSAND NINE.    AT 03:34:17, P.M.

NOTE:    THIS CERTIFICATION PAID
    RIGHTS FOR A
    VALUE OF U.S.$30.00
    RECEIPT No.09 – 289744
    No. CERTIFICATE: S.A. - 103952
    DATE: October 21st, 2009

                              (Signature Illegible – Signed for)
                              ELIZABETH QUIJADA
                              CERTIFYING OFFICER

Note:
Round seal reads:    Republic of Panama – Public Registry Office.

I hereby Certify that the above document is a true English translation of its original in the Spanish language, done to the best of my knowledge and ability.

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to
third parties except for purposes of SEC investigations and
proceedings. Call OIA for further information at x16690.

SCB-0001053

REPUBLICA DE PANAMA
REGISTRO PUBLICO DE PANAMA

REPUBLICA de PANAMA
★ TIMBRE NACIONAL ★
≅002.00
P.B. 1102

No. 345427

PAG.    I
// ELBA5 //

C E R T I F I C A

CON VISTA A LA SOLICITUD 09 - 289744

--------- QUE LA SOCIEDAD : ---------
STROTAS GROUP CORP.
SE ENCUENTRA REGISTRADA LA FICHA    671111 DOC.    1626816 DESDE EL
CUATRO DE AGOSTO DE DOS MIL NUEVE ,
- QUE LA SOCIEDAD SE ENCUENTRA VIGENTE

- QUE SUS SUSCRIPTORES SON:
    (    1 ) ROBERTO GUARDIA RABELL
    (    2 ) JULIO COLLADO QUIROZ

- QUE SUS DIRECTORES SON:
    1 ) LUZ ERIKA JULIO
    2 ) MIRIAM BARRIA DE GONZALEZ
    3 ) VLADIMIR ISAZA

- QUE SUS DIGNATARIOS SON:
  PRESIDENTE                    : LUZ ERIKA JULIO
  TESORERO                      : VLADIMIR ISAZA
  SECRETARIO                    : MIRIAM BARRIA DE GONZALEZ

- QUE LA REPRESENTACION LEGAL LA EJERCERA:
    LA REPRESENTACION LEGAL DE LA SOCIEDAD LA TENDRA EL PRESIDENTE Y DURANTE
    SU AUSENCIA LA TENDRA EL SECRETARIO O LA PERSONA QUE LA JUNTA DIRECTIVA
    DESIGNE A TALES EFECTOS.

- QUE SU AGENTE RESIDENTE ES: GUARDIA & GUARDIA

- QUE SU CAPITAL ES DE ********10,000.00 DOLARES AMERICANOS.
- QUE SU DURACION ES PERPETUA
- QUE SU DOMICILIO ES PANAMA

    EXPEDIDO Y FIRMADO EN LA PROVINCIA DE PANAMA , EL VEINTIUNO DE OCTUBRE
    DEL DOS MIL NUEVE  A LAS 03:34:17.P.M.

NOTA:   ESTA CERTIFICACION PAGO DERECHOS
        POR UN VALOR DE B/.    30.00
        COMPROBANTE NO. 09 - 289744
        NO. CERTIFICADO: S. ANONIMA - 103952      ELIZABETH QUIJADA
        FECHA: Miercoles 21, Octubre DE 2009           CERTIFICADOR
// ELBA5    //

APOSTILLE
Convention de la haye du 5 octobre 1961
1 Pais PANAMA
El presente documento público

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to
third parties except for purposes of SEC investigations and
proceedings. Call OIA for further information at x16690.

SCB-0001054





Yo, Licdo. LUIS FRAIZ DOCABO, Notario Público Primero del Circuito de Panamá, con Cédula de Identidad Personal No 8-211-734, CERTIFICO:
Que he comparado y cotejado esta copia fotostática con su original que ha sido presentado y la he encontrado en un todo conforme al mismo.

2 6 OCT 2009

PANAMÁ

LUIS FRAIZ DOCABO
NOTARIO PUBLICO PRIMERO

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001055



**CAJA DE SEGURO SOCIAL**
REPUBLICA DE PANAMA

MIRIAM
ELIZABETH
BARRIA
CALLE
DE GONZALEZ

CEDULA: 8-822-2251
SEGURO SOCIAL:
FECHA DE NAC. 1988
VENCIMIENTO:

14

ASEGURADA



Yo, Licdo. LUIS FRAIZ DOCABO, Notario Publico Primero del Circuito de Panamá, con Cedula de Identidad Personal No 8-311-734, CERTIFICO:
Que he comparado y cotejado esta copia fotostática con su original que ha sido presentado y la he encontrado en un todo conforme al mismo.

PANAMA, 2 6 OCT 2009

Licdo. LUIS FRAIZ DOCABO
NOTARIO PUBLICO PRIMERO

Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to third parties except for purposes of SEC investigations and proceedings. Call OIA for further information at x16690.

SCB-0001056







Confidential pursuant to Securities and Exchange Act s.24(d).
DO NOT DISCLOSE TO CRIMINAL AUTHORITIES. Do not disclose to
third parties except for purposes of SEC investigations and
proceedings. Call OIA for further information at x16690.

SCB-0001057