11. (a) This agreement contains a pre-dispute arbitration clause set forth in (b) below. By signing an arbitration agreement the parties acknowledge and agree as follows: (i) all parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed; (ii) arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited; (iii) the ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings; (iv) the arbitrators do not have to explain the reason(s) for their award; (v) the panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry; (vi) the rules of some arbitration forums may impose time limits for bringing a claim in arbitration; and (vii) in some cases, a claim that is ineligible for arbitration may be brought in court. The rules of the arbitration forum in which the claim is filed, and any amendments thereto, are hereby incorporated herein.

(b) Based on the foregoing, I agree that any and all claims, causes of action, disputes, or controversies that may arise concerning any transaction or this Agreement, shall be submitted to binding arbitration before the NASD, and specifically agree that the locale for all hearings for said arbitration shall be in Salt Lake City, Utah. I further agree that the substantive laws of the State of Utah shall be the applicable and governing law in any arbitration.

12. All transactions entered into under this Agreement shall be subject to any applicable constitution, rules, regulations, customs and usages of the exchange or market and its clearinghouse, if any, where such transactions are executed by Alpine or its agents and to all applicable laws, rules and regulations of governmental authorities and self-regulatory agencies. If any provision is enacted that would be inconsistent with any of the provisions of this Agreement, the provision so affected shall be deemed modified or superseded by the enactment, but the remaining provisions of this Agreement shall remain in effect. Except as herein provided, no provision of this Agreement may be waived, altered, modified or amended unless the same is in writing and signed by an authorized official of Alpine.

13. I authorize you at your discretion to obtain reports and to provide information to others concerning my credit standing, background and business conduct. You may ask credit reporting agencies for consumer reports of my credit history. Upon my request you will inform me whether you have obtained any such consumer reports and if you have, you will inform me of the name and address of the consumer reporting agency that furnished the reports to you.

14. The provisions of this Agreement shall be continuous, shall cover individually and collectively all accounts which I may open or reopen with Alpine, shall inure to the benefit of Alpine's present organization, and any successor organization or assigns; and shall be binding upon my heirs, executors, administrators, assigns or successors in interest. Should any term or provision of this Agreement be deemed or held to be invalid or unenforceable, the remaining terms and provisions shall continue in full force and effect. Except for statutes of limitation applicable to claims, this Agreement and all the terms herein shall be governed and construed in accordance with the laws of the State of Utah without giving effect to principles of conflict of laws. The statute of limitations applicable to any claim shall be that which would be applied by the courts of the state in which I reside or if I do not reside in the United States, the statute of limitations shall be that which would be applied by the courts in the state where the Alpine office servicing my account(s) is located.

15. I understand that you may in your sole discretion prohibit or restrict trading of securities or substitution of securities in any of my accounts. You have the right to terminate any of my accounts (including multiple owner accounts) at any time by notice to me. The provisions of this agreement shall survive the termination of any account.

16. Your failure to insist at any time upon strict compliance with any term of this Agreement, or any delay or failure on your part to exercise any power or right given to you in this Agreement, or a continued course of such conduct on your part shall at no time operate as a waiver of such power or right, nor shall any single or partial exercise preclude any other further exercise. All rights and remedies given to you herein are cumulative and not exclusive of any other rights or remedies which you otherwise have.

17. I understand that Alpine shall not be liable for loss caused directly or indirectly by government restrictions, exchange or market rulings, suspension of trading, war, terrorist acts, strikes or other conditions, commonly known as "acts of God," beyond Alpine's control.

18. I/we jointly and severally agree to indemnify Alpine and hold it harmless from any liability (including attorneys' fees) arising out of or related to any actual or alleged improper or unsuitable actions resulting from instructions given to Alpine by me/us.

19. I agree that if I utilize your services to receive or issue funds by wire (wire transfers), I am responsible for the issuance of accurate and complete instructions in relation to said wire transfers and I will hold you harmless from all liabilities if I fail to fulfill this responsibility. I further agree that if I should incur a loss in connection with a wire transfer as a result of negligence or other activities on your part, your liability will be limited to the actual amount of the misdirected or misapplied funds and no other damages of any other nature including consequential damages will be recoverable.

_June 15/2009_  
Date

Customer Name: _Kita Kane Investment Holdings Co. Ltd_  
Customer Signature: _John Kirk, Pres._

Date

Customer Signature

| Form **W-8BEN** | **Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding** | |
|---|---|---|
| (Rev. December 2000) Department of the Treasury Internal Revenue Service | ▶ Section references are to the Internal Revenue Code.  ▶ See separate instructions. ▶ Give this form to the withholding agent or payer. Do not send to the IRS. | OMB No. 1545-1621 |

Do not use this form for:   Instead, use Form:
- A U.S. citizen or other U.S. person, including a resident alien individual . . . . . . . . . . . . . . . . . . . . . . . . . . W-9
- A person claiming an exemption from U.S. withholding on income effectively connected with the conduct of a trade or business in the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . W-8ECI
- A foreign partnership, a foreign simple trust, or a foreign grantor trust (see instructions for exceptions) . . . . . . W-8ECI or W-8IMY
- A foreign government, international organization, foreign central bank of issue, foreign tax-exempt organization, foreign private foundation, or government of a U.S. possession that received effectively connected income or that is claiming the applicability of section(s) 115(2), 501(c), 892, 895, or 1443(b) (see instructions) . . . . . . W-8ECI or W-8EXP

Note: *These entities should use Form W-8BEN if they are claiming treaty benefits or are providing the form only to claim they are a foreign person exempt from backup withholding.*
- A person acting as an intermediary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . W-8IMY

Note: *See instructions for additional exceptions.*

**Part I   Identification of Beneficial Owner** (See instructions.)

1   Name of individual or organization that is the beneficial owner: *Kita-Raine Investment Holdings Company*
2   Country of incorporation or organization: *CANADA*

3   Type of beneficial owner:   ☐ Individual   ☑ Corporation   ☐ Disregarded entity   ☐ Partnership   ☐ Simple trust
   ☐ Grantor trust   ☐ Complex trust   ☐ Estate   ☐ Government   ☐ International organization
   ☐ Central bank of issue   ☐ Tax-exempt organization   ☐ Private foundation

4   Permanent residence address (street, apt. or suite no., or rural route). Do not use a P.O. box or in-care-of address.
   *1705 1050 Burrard St,*
   City or town, state or province. Include postal code where appropriate.   Country (do not abbreviate)
   *Vancouver, BC*   *CANADA*

5   Mailing address (if different from above).
   City or town, state or province. Include postal code where appropriate.   Country (do not abbreviate)

6   U.S. taxpayer identification number, if required (see instructions)   ☐ SSN or ITIN   ☐ EIN
7   Foreign tax identifying number, if any (optional)
8   Reference number(s) (see instructions)

**Part II   Claim of Tax Treaty Benefits** (if applicable)

9   I certify that (check all that apply):
   a ☑ The beneficial owner is a resident of *CANADA* within the meaning of the income tax treaty between the United States and that country.
   b ☐ If required, the U.S. taxpayer identification number is stated on line 6 (see instructions).
   c ☐ The beneficial owner is not an individual, derives the item (or items) of income for which the treaty benefits are claimed, and, if applicable, meets the requirements of the treaty provision dealing with limitation on benefits (see instructions).
   d ☐ The beneficial owner is not an individual, is claiming treaty benefits for dividends received from a foreign corporation or interest from a U.S. trade or business of a foreign corporation, and meets qualified resident status (see instructions).
   e ☐ The beneficial owner is related to the person obligated to pay the income within the meaning of section 267(b) or 707(b), and will file Form 8833 if the amount subject to withholding received during a calendar year exceeds, in the aggregate, $500,000.

10   Special rates and conditions (if applicable—see instructions): The beneficial owner is claiming the provisions of Article .......... of the treaty identified on line 9a above to claim a .......... % rate of withholding on (specify type of income): ..........................
   Explain the reasons the beneficial owner meets the terms of the treaty article: ..........................................................

**Part III   Notional Principal Contracts**

11   ☐ I have provided or will provide a statement that identifies those notional principal contracts from which the income is not effectively connected with the conduct of a trade or business in the United States. I agree to update this statement as required.

**Part IV   Certification**

Under penalties of perjury, I declare that I have examined the information on this form and to the best of my knowledge and belief it is true, correct, and complete. I further certify under penalties of perjury that:
- I am the beneficial owner (or am authorized to sign for the beneficial owner) of all the income to which this form relates,
- The beneficial owner is not a U.S. person,
- The income to which this form relates is not effectively connected with the conduct of a trade or business in the United States or is effectively connected but is not subject to tax under an income tax treaty, and
- For broker transactions or barter exchanges, the beneficial owner is an exempt foreign person as defined in the instructions.

Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income of which I am the beneficial owner or any withholding agent that can disburse or make payments of the income of which I am the beneficial owner.

Sign Here ▶ *[signature]*   Date (MM-DD-YYYY) *06 15 2009*   Capacity in which acting *President*

For Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 25047Z   Form **W-8BEN** (Rev. 12-2000)

**5. No Warranties/Limitation on Liability.**

I AGREE THAT THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, WITH RESPECT TO ALPINE'S ELECTRONIC SERVICES, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF MERCHANTABILITY, REASONABLE CARE, FITNESS FOR A PARTICULAR PURPOSE OR AGAINST INTELLECTUAL PROPERTY INFRINGEMENT, MADE BY MY ALPINE, ITS LICENSORS OR ANY THIRD PARTY INVOLVED IN THE PROVISION OF ELECTRONIC SERVICES TO ME.

I further agree that the sole liability of Alpine or its licensors or any third party involved in the provision of Alpine's Electronic Services to me for any claims, notwithstanding the form of such claims (e.g., contact, negligence or otherwise), arising out of errors or omissions in Alpine's Electronic Services provided or to be provided hereunder shall be to furnish the correct report or data. I further agree that I shall not hold Alpine, its information providers or any third party involved in the provision of Alpine's Electronic Services liable in any way for any loss or damage arising from or occasioned by any force majeure (e.g., flood, extraordinary weather conditions, earthquake or other act of God, fire, war, insurrection, riot, labor dispute, accident, action of government, communications or power failure, equipment or software malfunction) or by any other cause beyond such party's reasonable control.

IN NO EVENT WILL ALPINE, ITS LICENSORS OR ANY THIRD PARTY INVOLVED IN THE PROVISION OF ALPINE'S ELECTRONIC SERVICES (OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, EMPLOYEES, AGENTS OR AFFILIATES) BE RESPONSIBLE FOR SPECIAL, INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES, WHETHER OR NOT REASONABLY FORESEEABLE, AND EVEN IF ADVISED OF THE POSSIBILITY OR SUCH DAMAGES, WHICH I MAY INCUR OR EXPERIENCE ON ACCOUNT OF ENTERING INTO OR RELYING ON THIS AGREEMENT OR AS A RESULT OF MY USE OF OR RELIANCE ON ALPINE'S ELECTRONIC SERVICES. I ACKNOWLEDGE THAT SUCH LICENSORS AND ANY THIRD PARTY INVOLVED IN THE PROVISION OF ALPINE'S ELECTRONIC SERVICES (OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, EMPLOYEES, AGENTS OR AFFILIATES) ARE THIRD PARTY BENEFICIARIES OF, AND ARE RELYING UPON THE PROVISIONS IN THIS AGREEMENT THAT MAY BE APPLICABLE TO THEM.

**6. Amendments.** I agree that Alpine may change the terms and conditions of this agreement, in whole or in part, upon notice to me; no provision of this agreement may be amended in any other manner. I agree to use Alpine's Electronic Services only in accordance with the terms and conditions specified in this agreement as amended from time to time by Alpine, and that any amendments to the terms and conditions will be deemed effective upon dissemination by Alpine. Use of Alpine's Electronic Services after receipt of such amendments will be deemed to be acceptance of such amendments.

**7. Entire Agreement.** This agreement, together with my account agreement(s), contains the entire agreement between me and Alpine with respect to the subject matter contained in this agreement and supersedes all prior or contemporaneous communications, whether oral, written or electronic. If any provision of this agreement is held to be invalid, void or unenforceable by reason of any law, rule, administrative order or judicial decision, that determination shall not affect the validity of the remaining provisions of this agreement. This agreement will be governed by the laws of the State of Utah.

Kita-Kaine Investment Hldg Co Ltd.
Name on Account

John Kirk123@hotmail.com       John Kirk
Email Address

*[Signature]*
Signature

June 15/2009
Date

2



NUMBER: **538817**



# CERTIFICATE OF CHANGE OF NAME

*COMPANY ACT*

CANADA
PROVINCE OF BRITISH COLUMBIA

*I Hereby Certify that*

538817 B.C. LTD.

has this day changed its name to

**KITA-KAINE INVESTMENT HOLDINGS LTD.**

*Issued under my hand at Victoria, British Columbia on May 26, 1997*



JOHN S. POWELL
*Registrar of Companies*