UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

      -against-

CARRILLO HUETTEL LLP, et al.,

                    Defendants.
------------------------------------- x



ORDER

13 Civ. 1735 (GBD)

GEORGE B. DANIELS, United States District Judge:

In this enforcement action alleging violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) & (c), 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, the Securities and Exchange Commission (the "SEC") seeks a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against six defendants: Carrillo Huettel LLP, Luis J. Carillo, Wade D. Huettel, Gibraltar Global Securities, Warren Davis, and Luniel de Beer. ("SEC's Default J. Mot.," ECF No. 279.)

This matter was referred to Magistrate Judge James C. Francis IV. (ECF No. 295.) Before this Court is Magistrate Judge Francis' Report and Recommendations. ("Report," ECF No. 304).[1] This Court adopts the Report's recommendations and overrules the objections filed by Carrillo and Huetell. The Report properly recommended joint and several disgorgement of ill-gotten gains as to Defendants Carrillo Huettel LLP, Luis J. Carillo, Wade D. Huettel and Luniel de Beer. However, the joint and severable liability amount should be reduced by the disgorgement amounts the SEC

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

has procured from the other defendants through settlement agreements. Further, the civil penalties assessed by Magistrate Judge Francis are reasonable.[2]

## I.  LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.[3] (Report, at 29.) Only Carrillo and Huettel oppose the SEC's motion and filed timely objections to the Report. (Defs.'s Objections to the Report ("Defs.'s Objs."), ECF Nos. 309, 311.) The SEC filed a timely response to Defendants' objections. (ECF No. 318.)

## II.  CIVIL PENALTIES

The Report recommends that second-tier penalties of $375,000 be awarded against both Carrillo and Huettel individually. Carrillo and Huettel argue that this amount "seem[s]

---

[2] Carrillo and Huetell do not object to the Report's recommendations related to injunctive relief. Finding no clear error, this Court adopts those recommendations.

[3] The Report recommended this Court enter a default judgment as to Gibraltar Global Securities and Warren Davis providing for injunctive relief, joint and several disgorgement and assessed civil penalties. Gibraltar Global Securities and Warren Davis did not file objections to the Report. This Court is satisfied that the Report contains no clear error of law as to these recommendations and adopts them.

unnecessarily high based on the role [they] played as well as the total lack of civil penalties assessed against the other, more culpable defendants." (Defs.'s Objs. at 14.) This Court rejects Carrillo and Huettel's objection. Given that the civil fines assessed are substantially less than the maximum third-tier penalties requested by the SEC, the Magistrate Judge's recommendation is reasonable.

## III.  DISGORGEMENT

The Report further recommends that Carrillo Huettel LLP, Carrillo, Huettel and de Beer be held jointly and severally liable for disgorgement of $13,376,519.99 plus prejudgment interest. (Report at 29). As an initial matter, the total amount of disgorgement is not contested. Carrillo and Huettel essentially argue that joint and several disgorgement is unnecessary and inequitable as to them because (1) the settling defendants were the ones who orchestrated the scheme, (2) the settling defendants are not required to jointly and severally disgorge the full amount of the proceeds, and (3) the SEC does not allege that Carrillo and Huettel personally received the $13,376,519.99.

Carrillo and Huettel made a conscious decision to cease defending against this action and have defaulted. Therefore, this Court has no basis to conclude that they should be treated as less culpable than the other defendants. They neither defended nor settled the claims against them. By defaulting and failing to fully participate in discovery, Carrillo and Huettel "surrendered their opportunity to minimize their exposure" in this action. (Report at 24.) Thus, this Court rejects Carrillo and Huettel's objections as it relates to the Report's disgorgement recommendation. The Report properly recommended joint and several disgorgement of the total ill-gotten gains obtained by all defendants as a result of their concerted scheme. However, it is reasonable to credit the individual amounts the SEC has procured from other defendants through settlement agreements

and to hold Carrillo Huettel LLP, Carrillo, Huettel and de Beer jointly and severably liable for the remaining amount of illicit profits generated by the overall scheme.

## IV. CONCLUSION

Having adopted the Report, the SEC's motion for default judgment is granted. This Court accepts the Report's disgorgement and civil penalties recommendations to the extent that:

    a. Carrillo Huettel LLP, Luis J. Carrillo, Wade D. Huettel, and Luniel de Beer are jointly and severally liable for the disgorgement of $13,376,519.99, reduced by the $6,673,035.84 the SEC has procured from other defendants through settlement agreements, for a total of **$6,703,484.15**, plus prejudgment interest as calculated by the SEC using the IRS underpayment rate;

    b. The defendants are liable for the following civil monetary penalties:

        i. Carrillo Huettel -- $375,000

        ii. Luis J. Carrillo -- $375,000

        iii. Wade D. Huettel -- $375,000

        iv. Luniel de Beer -- $375,000

The Clerk of Court is directed to close the motion at ECF No. 279.

Dated: New York, New York
      March 28, 2017

MAR 28 2017

SO ORDERED.

GEORGE B. DANIELS
United States District Judge